# Brooke *against* Evans.

A firm cannot be charged with a debt contracted by one of the partners before the partnership was constituted, although the subject matter which was the consideration of the debt, has been carried into the partnership as stock. Nor can the firm be charged with rent which accrued upon a lease to one of the partners.

ERROR to the district court of *Lancaster* county.

This was an action by Charles and Clement Brooke against Joseph Evans, Caleb Evans, and Amzi Babbit, in partnership under the name of Joseph Evans & Co., in which the following facts appeared.

The plaintiffs, being seised of the Berlin ironworks, in Union county, Pennsylvania, by their lease, under seal, dated the 4th of March 1829, demised the same to Joseph Evans, one of the defendants, to hold for the term of five years, from the 1st of April 1829, upon the terms and conditions therein specified; *prout* the said lease made part of this case stated.

The stock of the plaintiffs, used at the said works, consisting of coal, teams, wood, household furniture, grain, &c., &c. necessary for carrying on the same, was inventoried and appraised on the 27th of March 1829, to be delivered to the said Joseph Evans, on the 1st of April ensuing, and amounted, in value, to the sum of 3506 dollars 6 cents.

On the 1st of April 1829, Joseph Evans commenced the iron business, &c. at the Berlin works, and went into possession of the real and personal estate, leased and inventoried and appraised as aforesaid.

On the 25th of November 1829, the defendants, Joseph Evans, Caleb Evans and Amzi Babbit, by two articles of agreement, under

seal, " entered into partnership in business, to be known by the name and style of J. Evans & Co., and agreed to participate equally in the risk and responsibility, profit and loss, of all the iron, lumber, mercantile and other business transacted at a forge and furnace, situated in Union county, in the state of Pennsylvania, leased to the said Joseph Evans by C. & C. Brooke; the said partnership to commence and take effect from the 1st day of April last past, 1829, and to continue for the term of five years, unless previously dissolved by mutual consent."

The stock, inventoried and appraised as aforesaid, was used and consumed at the said ironworks, and formed part of the joint stock; no portion of it ever having been carried, in the books of the concern, to the individual credit of either of the partners; and no change whatever having been made in the manner of keeping the books of the works, after the 25th of November 1829.

Amzi Babbit, at the time the partnership was formed, resided in Lancaster county, from which he removed in 1832, to Salem, New Jersey, where he lived when this suit was brought.

The partnership of Joseph Evans & Co., continued to operate and carry on business at the Berlin ironworks, from the 1st of April 1829, till the 4th of January 1833, when, having become embarrassed, an assignment was made for the benefit of the creditors of the firm property, excepting the lease.

Shortly after the assignment, to wit, about the 1st of February 1833, the ironworks, &c., held under the lease aforesaid, were given up to, and taken possession of by, the plaintiffs.

If, upon this statement of facts, the court shall be of opinion that Amzi Babbit is liable, and if so, in this form of action, with the other defendants, for the stock aforesaid, and also for rent for the use and occupation of the real estate aforesaid, then judgment to be rendered for the plaintiffs, as of the 16th of February 1833, for 4141 dollars 58 cents.

But if the court shall be of opinion that Babbit is liable, as aforesaid, only for the stock, then the judgment to be rendered as aforesaid, as of the time aforesaid, for 1840 dollars, that being the balance then due, after deducting the payments made.

And if the court shall be of opinion that Babbit is liable, as aforesaid, only for the rent, for the use and occupation as aforesaid, then the judgment to be rendered as aforesaid, as of the time aforesaid, for 2301 dollars 58 cents, that being the amount of rent, after deducting the cost of repairs.

But if the court shall be of opinion that Babbit is not liable as aforesaid, either for the stock or for rent, for the use and occupation as aforesaid, then judgment to be rendered for the said Babbit.

The court below delivered the following opinion:

Hays, President.—The plaintiffs' claim consists of two parts: 1. For the stock of the Berlin ironworks, which was sold by them to Joseph Evans, under the contract of the 27th of March 1829.   2.

[Brooke v. Evans.]

For the rent of the works and land belonging to them, during the time they were carried on by Joseph Evans & Co., and the question is, whether Amzi Babbit, the defendant, is liable for both, or either of the branches of this claim?

1. As to the stock, I am of opinion that he is not liable, because the contract for, and sale of that property, was between the plaintiffs and Joseph Evans. The debt originating in that contract, was the private debt of the latter. It was not a transaction of the partnership, because, at the date of the contract, the partnership between Joseph Evans, Caleb Evans, and Amzi Babbit, did not exist, even by retrospection. The partnership was entered into on the 25th of November 1829, and though it was agreed by the articles that it should commence and take effect from the 1st day of April then last past, yet there was no *assumpsit* by the partners of the separate debts of the individuals, whether contracted for the means of contribution to the partnership fund, or otherwise; nor can I perceive any thing in these articles like an agreement of Amzi Babbit, or his co-partners, to pay the debt of Joseph Evans, to Clement and Charles Brooke, for the stock in question.

When the partnership commenced, by relation back, according to the articles, this stock was the property of Joseph Evans, just as the money contributed by Caleb Evans and Amzi Babbit, to carry on the works, was their money, notwithstanding they may have borrowed it, in contemplation of such a purpose, and the equity of the plaintiffs to demand from Amzi Babbit the sum due to them from Joseph Evans for the stock, is no better than would be that of a bank, or any other lender, who might have accommodated C. Evans or Amzi Babbit with the amount which they respectively invested in the partnership, to demand the same from Joseph Evans.

2. With respect to the claim of "rent, for the use and occupation" of the real estate mentioned in the case, I am also of opinion that Amzi Babbit is not liable to the plaintiffs.

By the statute 11 Geo. 2, c. 19, sect. 14, which is in force in Pennsylvania, it is enacted that landlords, when the agreement is not by deed, may recover a reasonable satisfaction for the lands held or occupied by the defendant, in an action on the case, for the use and occupation of what was so held and enjoyed; and if in evidence on the trial of such action, any parol demise, or any agreement, (not being by deed) whereon a certain rent was reserved, shall appear, the plaintiff in such action shall not, therefore, be non-suited, but may make use thereof as an evidence of the quantum of the damages to be recovered.

The remedy for the claim of rent by the action for use and occupation, is given by this statute, and lies, it will be observed, in those cases only where the agreement is not by deed.

But here no agreement whatever, by Amzi Babbit, and between him and the plaintiffs, for rent, or use and occupation, is shown; on the contrary, a lease or agreement under seal, between the plaintiffs

[Brooke v. Evans.]

and Joseph Evans, is exhibited, by which the former let to the latter the premises in question, from the 1st day of April 1829, for and during the term of five years then next ensuing.　The plaintiffs are consequently precluded from this remedy, as against Joseph Evans, by reason of the deed just referred to, as against Amzi Babbit, for the same reason; and also for want of agreement, or proof of request to occupy by him, or permission to him from the plaintiffs.　Naish *v.* Tatlock, 2 *H. Bl.* 319 ; Brewer *v.* Palmer, *Selw. N. P.* 1313; 3 *Esp. N. P. c.* 213.

A case was cited as ruled by lord Hardwicke, where A, without title, gave possession of a house to B; C, the owner, brought *assumpsit* for the use and enjoyment, but because B did not receive possession from C, nor any wise occupied under him, lord Hardwicke held the action not maintainable by him.　Richards *v.* Holditch, *Selw. N. P.* 1313, No. 3.

Even if Amzi Babbit, with his copartners, could be considered as holding under Joseph Evans, this view of his position would not avail the plaintiffs, because it has been decided, that an occupation by the tenant of the defendant, is, so far as respects the plaintiff, an occupation of the defendant himself.　Hence, if A agrees to let his lands to B, who permits C to occupy them, A may recover in an action against B, for use and occupation.　Bull *v.* Sibbs, 8 *T. R.* 327.

I am of opinion, then, that Amzi Babbit is liable neither for the stock, nor for the rent for use and occupation, mentioned in this case stated, and that judgment be accordingly rendered for him.　Judgment for defendants.

Error assigned.　The judgment of the court should have been rendered in favour of the plaintiffs, instead of the defendants; the facts contained in the case stated entitling the plaintiffs to recover against Amzi Babbit, as well for the stock furnished by the plaintiffs, used by the firm of Joseph Evans & Company, as, for the use and occupation of the works and land used by them, during the time they carried on business at the Berlin ironworks.

*Parke* and *Montgomery*, for plaintiffs in error, cited 3 *Kent's Comm.* 27; 6 *Ves. Jun.* 602 ; 2 *H. Bl.* 235; *Gow on Part.* 14; 1 *Ves.* 131; Post *v.* Kimberly, 9 *Johns. Rep.* 489; Montgomery *v.* Ivers, 17 *Johns. Rep.* 40 ; *Gow on Part.* 287; Levy *v.* Cadet, 17 *Serg. & Rawle* 126 ; 6 *Cow. Rep.* 497; Eaton *v.* Taylor, 10 *Mass.* 54; 2 *Bro. Chan.* 595; 1 *Atk.* 223; *Carey on Part.* 224; 4 *Cow. Rep.* 282 ; Johnston *v.* Warden, 3 *Watts* 101 ; Schermerhorn *v.* Vanderheyden, 1 *Johns. Rep.* 139 ; Kelly *v.* Evans, 3 *Penns. Rep.* 387 ; Hind *v.* Holdship, 2 *Watts* 104.

*I. R. Finley* and *Jenkins*, contra, cited 3 *Kent* 35 ; 4 *T. R.* 720 ; 1 *East* 48; *Gow on Part.* 37 ; 12 *East* 421 ; *Carey on Part.* 136. Kuhn *v.* Nixon, 15 *Serg. & Rawle* 125 ; 1 *Esp. Rep.* 182.

PER CURIAM.—The attempt is to charge a partner with a debt, contracted not by himself, or on his credit, but by his fellow, before the partnership was constituted, and this, because the subject matter, which was the consideration of the debt, had been carried into the partnership as stock.   Without a subsequent assumption by the firm, that cannot be done.   The claim for use and occupation, stands upon the same, or a worse foundation.   The admitted existence of a letting by specialty to one of the partners, excluded the implication of a holding by both, as well as of the tenure having been by permission and request, which are necessary ingredients in a case proper for the statutory remedy.   The judge, therefore, very properly determined that the plaintiffs cannot recover of the defendants in this, or of Babbit in any other action.