JAMES S. DOUGHERTY and another *v.* SAMUEL JARVIS PETERS and others, Sureties of Hozey, late Sheriff.

The liability of a surety in an official bond, attaches from the moment the principal is in default.

The sureties in a sheriff's bond, are not entitled to notice of the default of their principal.

In an action against the sureties of a public officer to recover an amount due to the plaintiffs from the latter, judgment should be rendered for the sum actually due, and not for the whole penalty of the bond to be satisfied by the payment of the amount so due.

Where several courts have concurrent jurisdiction of actions against the sureties of a public officer, no one of them can condemn the sureties to bring into court the amount for which they may be ultimately responsible, and discharge them from further liability. The creditors cannot be compelled to come into that tribunal for redress. The judgment should be only, for the amount due to the plaintiff.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

BULLARD, J. The plaintiffs represent that they recently· recovered a judgment against Charles F. Hozey, late Sheriff of the parish of Orleans, for the sum of $4150, for money collected by him in his official capacity, arising from the sale of the steamboat Walker, sold by him as sheriff in virtue of a writ of *fi. fa.*, in a suit in which various persons intervened who are entitled to a part of the proceeds, to be divided in accordance with the judgment of the court rendered in said suit, all of whom, as well as the owners of the boat, so far as they have any interest, authorize the institution of this suit. That the same has never been paid, nor any part thereof, although required to be done by the judgment. They, therefore, bring this suit against the sureties of Hozey on his official bond, and pray that the latter may be condemned to pay, in proportion to their respective liabilities, the sum of $4150, with interest

and costs, to be distributed in accordance with the judgment of the court previously rendered, and for general relief.

The defence embraces various questions of law which are raised in this, and numerous other cases against the same defendants, arising out of the defalcations of the late sheriff, which are now under advisement. The effect produced upon the liability of the defendants by the creation of the new office of sheriff of the Criminal Court, which was carved out of that held by Hozey during the period of the suretyship of the defendants, need not be considered in this case, because it is shown that the price of the steamboat Walker, sold by him in 1839, came into his hands at that time ; and the act creating the office of sheriff of the Criminal Court was not passed until many months afterwards. The liability of the surety attached at the time the sheriff was in default.

The position that the defendants were discharged, because the plaintiff had not given the sureties due notice of the default, and had given the principal a prolongation of time, will not avail the defendants. This is not, in our opinion, one of the cases in which the surety is entitled to notice of the default of his principal ; and we see no evidence of any prolongation of time which in law would operate the release of the defendants.

There is an exception, in the nature of a general demurrer, which we understand relates to the form of the action. It is that, on the face of the petition, the plaintiffs have no right in law to have or maintain their action.

By this, we suppose, it is meant that Dougherty & Co. are not entitled to recover the whole amount of the proceeds of the steamboat, and that, as to the other claimants for a part, the action is irregular.

We were at first disposed to consider the exception as well taken, and to restrict the right of the plaintiffs to recover, to that portion of the proceeds of the boat which it is shown was coming to them on the distribution. But the plaintiffs ask for judgment for the proceeds in accordance with the judgment against Hozey, and most, if not all, of the claimants consent to this proceeding. Now the judgment against Hozey was on a rule, taken by the plaintiffs in the case of *Dougherty & Co.* v. *The Steamer Walker and Owners*, on the sheriff, to show cause why he should not pay to the

plaintiffs the amount of the judgment rendered in their favor out of the proceeds of the sale of the steamer. This rule was taken on the 10th December, 1839, and was afterwards made absolute, and the sheriff ordered to pay into court the amount of the proceeds of the steamer Walker, to wit, $4150, to be distributed according to the judgment of distribution in the case. It is true, that Dougherty & Co. are entitled, on the distribution, to only a small portion of the money, but they ask for judgment for the whole amount to be distributed in accordance with the judgment of the court. In other words, we understand them as asking, that the sheriff's sureties may be condemned to do what he was bound to do by the judgment; that is to say, to bring into court the whole amount for which they are liable in this case, to be distributed by the court among the different claimants. To this extent, we see no solid objection to the form of proceeding. It avoids a multiplicity of suits, for small demands, and exposes the defendants to no risk of being condemned to pay any part a second time; because the parties, having consented to this proceeding, must be considered as having at least constituted the plaintiffs their agents for the purpose of compelling the sureties to bring the money into court, for distribution among all persons interested.

The Commercial Court gave judgment for sixty thousand dollars, that is to say, for the whole penalty of the bond, each surety being condemned to pay the whole of his share, but the judgment to be satisfied by paying to the plaintiffs the amount of $4150 claimed by them, and the sureties being authorized to release themselves altogether from further liability, as sureties, by paying into the Commercial Court the sum for which each was bound, in all, sixty thousand dollars.

We are of opinion that the Court erred. In no event were the plaintiffs entitled to recover of the sureties more than they showed to be due by the late sheriff, and not the whole penalty of the bond.

The law gives to every person in relation to whom the sheriff was a defaulter an action upon the bond, but not a right to recover the whole penalty, and thus, by recording successive judgments as mortgages against the defendants, to make them appear as debtors, and their estates as encumbered to a much larger amount than in truth they are. In the nine cases which have been argued

against Hozey's sureties, judgments have been recovered, and probably recorded, to the amount of upwards of five hundred thousand dollars, although under no circumstances could the sureties all together be liable to all the creditors of Hozey for more than sixty thousand. Nor can one court, of several having concurrent jurisdiction, condemn the sureties to bring into court the amount for which they may be ultimately responsible, and discharge them from further liability. The creditors cannot be compelled to come into one tribunal for redress; and if one of the courts of the first instance may render such judgment, the others may, and thus the sureties be compelled to pay at least three times the amount for which they bound themselves, with the right certainly of being refunded what might remain after paying all the creditors. We can see no good reason why the sureties should be adjudged to pay any thing more than the plaintiffs show to be due to them by the principal.. The law has not provided for a *concurso* in a case like the present.

The judgment of the Commercial Court is, therefore, avoided and reversed; and it is further adjudged and decreed, that the defendants pay *in solido* into the Commercial Court the sum of four thousand one hundred and fifty dollars, with interest at five per cent from the 18th February, 1841, to be distributed among the different claimants according to the judgment already rendered in said case. The defendants to pay the costs of the court below, and the plaintiffs those of the appeal.

*Vason*, for the plaintiffs.

*Micou*, for the appellants.