# S. GOODENOW *et al.*

*v.*

# HENRY JONES.

1. JOINT LIABILITY — *partners for contract of co-partner before entering into partnership.* Where A agreed in writing to deliver 2,000 cords of wood at a specified price per cord, to the plaintiff, and afterwards formed a co-partnership with B & C in the lumber and wood business, and he, through the firm, delivered a part of the wood, the firm taking the pay in their name and remitting the same to A, after deducting commissions, it was *held*, in a suit by the plaintiff against the firm for failing to deliver the balance of the wood, that B & C were not liable.

2. PARTNERSHIP — *does not become liable on partner's individual contracts.* By the formation of a partnership the firm does not become liable for the individual contracts of one of its members, or to pay his debts. Even if the firm promises to fulfill such contracts there must be shown a new consideration to support the promise, and the individual member must be released.

3. SAME — *agreement of partners inter se to perform one partner's individual contracts.* If, after the formation of a partnership, two of its members should expressly covenant with the third member to perform his contract made before with a third party, the latter could maintain no action for a breach of such contract against the firm, or the two partners so covenanting, for the reason that the plaintiff would be no party to such covenant.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of assumpsit, by Henry Jones against S. Goodenow, E. P. Hinds and R. L. Bell, for the breach of a contract to sell and deliver 2,000 cords of wood.

The material facts of the case are stated in the opinion of the court. On the trial of the case the plaintiff recovered judgment against all the defendants, from which Goodenow and Hinds appealed.

Messrs. HERVEY, ANTHONY & GALT, for the appellants.

Mr. S. M. DAVIS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

On the 10th day of February, 1872, R. L. Bell entered into this agreement with appellee: " R. L. Bell agrees to deliver to Henry Jones, at his dock in the city of Chicago, during the sailing season of 1872, 2000 cords of wood, more or less, chopped beech wood, for which, as delivered, Henry Jones· shall pay $6.25 per cord, measured on the dock." Afterwards, on the 1st day of April, Bell, Goodenow and Hinds formed a partnership in a general commission business in selling lumber, wood, ties, etc. The partnership continued until in July, when, by mutual consent, it was dissolved by Bell retiring from the firm.

During the continuance of the firm there was delivered to Jones by Bell 739 cords of wood which had been consigned to the firm. Jones' checks were given to the firm, and when collected the money was remitted to the consignor, after deducting commissions as in other cases.

The contract not having been complied with by Bell, or otherwise, Jones sued the members of the firm, and on a trial by the court and a jury, recovered, against the members of the firm, a judgment for $1,804.13, from which this appeal was prosecuted.

In the court below Goodenow and Hinds filed a plea denying their joint liability, so that question was raised and fairly presented in the court below. And to the consideration of that issue we propose to direct our attention, as upon it, in the view we take of the case, its decision depends.

We presume no one would contend that by forming the partnership Goodenow and Hinds became liable to perform Bell's individual contracts or pay his debts. And if liable to perform this contract it may be asked, how or when was the liability incurred? The evidence will be searched in vain to find that Goodenow and Hinds ever, with or without any consideration, promised Jones to perform the contract or that the firm would perform it. It was in writing, and there was no

agreement in writing by Goodenow and Hinds that they, as individuals, or jointly as a firm, would perform the contract. Jones did not even demand its performance of them. Does any one suppose that had Jones refused to receive the wood the firm could have maintained an action on this agreement for the recovery of damages? Surely not. And why? Because Jones had never made any contract with the firm. His contract was with Bell and with him alone. Any thing that may have been agreed or done between the members of the partnership without the assent of Jones, could not affect his rights.

If Goodenow and Hinds agreed with Bell that the new firm should fulfill this contract, that was an agreement with Bell and not with Jones, and not being a party to it, he acquired no interest in it. Suppose Goodenow and Hinds had covenanted with Bell that they would fulfill this agreement for him, does any person having the slightest knowledge of the law of contracts suppose that Jones could sue in his name for the breach of the covenant? Surely not, because Jones was no party to the covenant and would not be the covenantee. The case of *Brooks* v. *Evans*, 5 Watts, 196, is, in all of its material features, like the present, where it was held that a person on such a contract with a member of the partnership could not recover against the firm.

Even if an agreement with Jones by the new firm, to perform the contract, had been proved, still there was no consideration passed to bind the firm. Nor is there the slightest pretense that Bell was released from the agreement. He was still liable individually for its performance. (See *Laidlou* v. *Hatch, ante,* p. 11.) Nor is there the slightest pretense that the new firm ever attempted, by any agreement with Jones, to guarantee the performance of the contract, and if they had, no new consideration was paid, received, or expected. All that was done was the delivery of a portion of the wood consigned to the firm by Bell, who had charge of such matters of the firm, he being the salesman and having charge of its outdoor affairs. And in

delivering this wood, there was nothing to distinguish it from ordinary sales of wood by the firm. The firm received its usual commissions and the wood was paid for in the usual course of their business, and nothing to induce Jones even to suppose that the firm had entered upon the performance of Bell's part of the agreement. The wood was delivered by Bell, the money collected by him, and it in nowise concerned Jones as to where Bell procured the wood, whether of his firm or others. He was receiving the wood from the man with whom he had contracted. We are clearly of the opinion that there is no evidence in this record to hold Goodenow and Hinds, or either of them, liable in any manner on this contract. And the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*