## *In re* DIXON, Bankrupt.

*(Circuit Court, W. D. Missouri, E. D.* January, 1881.)

NOVATION—SUFFICIENT CONSIDERATION.

 An agreement on the part of a debtor to make five new notes, in accordance with the request of the creditor, for the purpose of enabling the creditor to bring suits on the new notes in the justice's court, which he could not do on the original claim, is an agreement upon sufficient consideration. Such an agreement cancels the original contract, and substitutes for it five new contracts.

Petition for Review in Bankruptcy.

*Belch & Silver*, for petitioner.

*J. R. Edwards*, for bankrupt.

McCRARY, C. J. Upon petition of the bankrupt the district court ordered that certain land be set apart to him as a homestead, and as such, exempt. This order was made against the objection of the First National Bank of Jefferson City, one of the creditors of the bankrupt estate. The bank files its petition under section 4986, Rev. St., praying a review and reversal of said order of the district court. The ground upon which the decision of the court below is attacked is that the debt held by the bank against the bankrupt was contracted prior to the acquisition by the bankrupt of the premises now claimed by him as exempt under the homestead law of Missouri. 1 Rev. St. Mo. p. 452, § 2695.

The proof shows that at the time the original indebtedness was contracted the land in question was held in common by the bankrupt and his father, Levi Dixon. The original debt was contracted January 23, 1874. It does not appear from the evidence whether the original debt was evidenced by more than one note or not; but it

does appear that in January, 1878, by agreement of parties, the said indebtedness was divided into five parts, and five new notes were given by the bankrupt for sums ranging from $100 to $150.

This was done, as the record shows, for the purpose of bringing the notes within the jurisdiction of a justice of the peace, prior to the time of the filing of Dixon's petition in bankruptcy. Suit was brought on them and judgments obtained before a justice of the peace, but no part of the judgments has been paid. The new notes were given long after the acquisition by the bankrupt of the full title to his homestead.

Was the taking of the new notes for different amounts, for the purpose of enabling the bank to sue upon them before a justice of the peace, an accord and satisfaction of the original debt and the making of a new contract within the meaning of the homestead act? If the giving of the new notes was another agreement between the parties, differing in any material respect from the original, then the old contract was extinguished and merged in the new. Whether the new agreement shall have the effect of satisfying the original claim depends upon the terms, and especially upon the question whether the new promise is founded upon any new consideration.

The question is whether there was an agreement, upon sufficient consideration, to cancel the old and enter into a new contract.

It is not necessary that there should be an express agreement on the part of the creditor to proceed in case of default upon the new and not upon the old indebtedness. It is sufficient if such appears from all the facts and circumstances to have been the intent of the parties. In the present case such intent is sufficiently shown by the cancellation of the original note; by the execution of new notes in small amounts; by the agreement to make new and different notes for different sums so as to enable the bank to sue in a justice's court, which it could not do on the original claim; by the bringing of suits on the new notes and by proving them, and failing to make any proof of the original debt against the bankrupt's estate. *Babcock* v. *Hawkins*, 23 Vt. 561.

Was there a sufficient consideration for the new agreement? It is not claimed that any part of the original debt was actually paid, but it appears that the bank desired to divide the debt into a number of parts, and to take new notes for each part, so as to bring the claim within the jurisdiction of a justice of the peace.

The agreement on the part of Dixon to make five new notes in accordance with the request of the bank, and for the purpose named,

was an agreement upon sufficient consideration, and it must be held to have been an agreement to cancel the original contract and substitute for it the five new contracts, for otherwise the purpose of the contracting parties to bring the claims within the jurisdiction of a justice of the peace would have been defeated. Upon this ground the decree of the district court must be affirmed without considering the other questions argued by counsel.

So ordered.