## Staunton.

### BARNES AND OTHERS v. CROCKETT'S ADMINISTRATOR.

September 15, 1910.

Absent, Cardwell, J.

1. CONTRACTS—*Novation—Intention of Parties.*—Whether or not the taking of a new security of equal dignity is to be treated as a novation or substitution for and an extinguishment of a prior indebtedness, is a matter of intention to be determined from all the facts and circumstances of the case.

2. CONTRACTS—*Novation—Deed Reserving Lien—Release—Taking Bond of Grantee.*—Where land is conveyed reserving a lien, the acceptance of the deed by the grantee, though not signed by him, and the entry into the possession of the land, creates an implied promise on the part of the grantee to pay the amount secured for which an action of assumpsit will lie. If the amount secured is payable contingently, but by agreement of the parties the lien reserved is released, and the grantee executes his bond to the creditor secured for the amount of the lien payable absolutely and at once, this constitutes a novation of the debt. The implied simple contract under the deed is merged into an express contract under seal.

3. CONTRACTS—*Novation—Giving Bond for Simple Contract.*—The parties being the same, the giving and acceptance of a bond for the payment of money due by simple contract extinguishes the simple contract liability.

4. APPEAL AND ERROR—*Admission and Rejection of Evidence.*—The rejection of evidence which could not benefit a party, and the admission of that which could not prejudice him, even if erroneous, is no ground for reversal.

5. APPEAL AND ERROR—*Proper Verdict—Ruling on Instructions.*—The ruling of the trial court in granting and refusing instructions will not be reviewed, where, upon the case made and offered to be made, there could not have been properly found any other verdict than that which the jury rendered.

Error to a judgment of the Circuit Court of Tazewell county in an action of debt. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Chapman & Gillespie* and *Greever & Gillespie,* for the plaintiff in error.

*Henry & Graham* and *T. C. Bowen,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Numerous errors are assigned on this writ of error, but most if not all of them depend upon the question, whether or not the bonds sued on, which were given for an existing indebtedness, were a novation of the prior contract.

It appears that Robert Barnes, the father of the petitioners (his three sons), made a conveyance to them of valuable lands by which, among other things, he required each of them to pay certain sums to their three sisters at designated periods, but with the provision that if either of the sisters died without issue living before any part of the amount directed to be paid her became due and payable, then such amount as was not due was not to be paid. The sums directed to be paid the sisters were made a charge or lien upon the lands conveyed. One of the sisters, the intestate of the defendant in error, died before all the money directed to be paid her became due and payable. Before her death her brother, W. A. Barnes, desiring to sell the lands conveyed to him free of the lien or charge upon it, made an arrangement with his sisters by which they agreed to release the said lien and charge, and to accept the bonds of their

said brothers for the amounts due and unpaid and to become due under the provisions of the conveyance of their father. The lien was released by deed entered of record and bonds executed, for the then value of the sums due and to become due each of the sisters, payable one day after date with interest from date. The bonds thus executed and delivered to the intestate of the defendant in error not having been paid during her life, this action of debt was instituted by her administrator for their collection.

The obligors in those bonds claimed that there was a failure of consideration, to the extent that the sum evidenced by the bonds was not due and payable to their sisters at the time of her death, she having died without issue living before said sum became due and payable, they were not liable for it under the terms of their grantor's deed, and made defense on this ground.

If the transaction or arrangement between the brothers and sisters, by which the latter released the lien or charge on the lands and the former executed their bonds for the payment of said sums, was a novation of the contract evidenced by their father's conveyance to his sons, the defense relied on was not good; if that transaction or arrangement was not a novation of the original contract, then the defense was a valid one.

Whether or not the taking of a new security of equal dignity is to be treated as a novation or substitution for and an extinguishment of a prior indebtedness, is a matter of intention to be determined from all the facts and circumstances of the case. *Morris* v. *Harvey*, 75 Va. 726, 732; *State Bank of Va.* v. *Dom. Sewing Machine Co.*, 99 Va. 411, 39 S. E. 141, 86 Am. St. Rep. 691; *Coles* v. *Withers*, 33 Gratt. 186-7; *Fid. Loan, &c., Co.* v. *Engleby*, 99 Va. 168, 37 S. E. 957.

The principles which govern in determining whether or not there has been a novation are pretty fully discussed in the cases cited and need not be reiterated.

The effect of the transaction between the brothers and sisters was not only to release the lien which the latter had upon the lands to secure the payment of their debt, but it merged the implied simple contract of the brothers under the deed into an express promise under seal. The brothers, though grantees in the deed, did not seal it, and, therefore, were not bound by it as a deed, but having accepted the deed and entered into the estate conveyed, it became their duty to pay the sums required to be paid their sisters, and the law implied a promise to pay, upon which, in case of failure to pay, assumpsit would lie. *Taylor* v. *Forbes*, 101 Va. 658, 663-665, 44 S. E. 888, and authorities cited. Having released their lien and accepted the express undertakings of their brothers under seal to pay a debt evidenced by a simple implied contract, it would seem clear that the transaction and arrangement between the brothers and sisters for the release of the lien and the execution of the bonds discharged and extinguished all their rights and liabilities under the deed, unless there had been an agreement that it should not have that effect. The sisters could not afterwards enforce the lien created by the deed for they had expressly released it. They could not assert a personal liability against their brothers on the implied simple contract arising out of the deed and the acts of the grantees after accepting their express promise under seal to pay the same debt. It is well settled that, the parties being the same, the giving and acceptance of a bond for the payment of money due by simple contract extinguishes the simple contract liability. *Ward* v. *Motter*, 2 Rob. 536; 2 Chitty on Contracts, 1160; Notes to Cumber v. Wane, 1 Smith's Lead. Cases, 458, and cases cited; 3 Min. Inst. 157.

The action of the court refusing to admit certain evidence offered by the plaintiffs in error, and in admitting certain evidence offered by the defendant in error did not prejudice the plaintiffs in error. The object of the evidence rejected was in effect to show that at the time the agreement between

the brothers and sisters was entered into by which the said lien or charge was released and the said bonds executed, no other or further agreement was made, and that nothing was said in reference to the effect of that transaction upon the rights of the parties under the deed of their father—in other words, that the entire transaction between the brothers and sisters was that the daughters should release their lien and the sons should execute their bonds for the sums due and to become due from them. If the plaintiffs in error had been permitted to prove this, it could not have benefited them, for, as we have seen, the legal effect of releasing the lien and the execution of the bonds was a discharge and extinguishment of the rights and liabilities of the parties under their father's will.

Nor were the plaintiffs in error prejudiced by the evidence introduced over their objection by the defendant in error. Even though the plaintiffs in error were not bound by the recital in the release deed that the debts due the daughters were discharged, that as we have seen was the legal effect of the transaction between them and their sisters.

The rejection of evidence which could not benefit, and the admission of evidence which could not prejudice, even if erroneous, is no ground for reversal.

Nor were the plaintiffs in error prejudiced by the action of the court in giving and refusing instructions, for upon the case made and offered to be made there could not have been properly found any other verdict than that which the jury rendered. *Bryan* v. *Nash*, 110 Va. 329, 66 S. E. 69.

Upon the whole case we are of opinion that there is no error in the judgment complained of, and that it should be affirmed.

*Affirmed.*