### DRUMRIGHT STATE BANK v. WESTERHEIDE et al.

No. 16624—Opinion Filed Sept. 14, 1926.

Rehearing Denied March 15. 1927.

1. Novation—Requisite Pleading.

Where a novation is relied upon by way of discharging a valid obligation. such no-

vation must be pleaded directly, or in substance and effect, by pleading that the new valid obligation was accepted in lieu of the former obligation.

**2. Same—Burden of Proof.**

Where a party to an action upon contract relies upon a plea of novation to escape liability, the burden of proving that the new or substituted contract was accepted in lieu of the old obligation is upon the party pleading the novation.

**3. Same—Evidence to Establish Novation.**

To .establish the existence of a novation, or substituted contract, it is not essential that express words agreeing to the substitution be proven; it is sufficient if an agreement to substitute may be reasonably deduced from facts and circumstances put in proof in the case showing the conduct of the parties concerning the new or substituted contract.

**4. Trial—Sufficiency of Instructions—Refusal of Requests.**

Where the court's instructions fairly and impartially submit the issues to the jury, it is not error to refuse requested instructions.

**5. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

The verdict of a jury will not be disturbed on appeal because of insufficiency of the evidence, where there is any evidence in the record reasonably tending to support the verdict.

**6. Judgment Sustained.**

Record examined, and held to support the judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by Drumright State Bank against Joseph S. Westerheide, Arthur O'Dell, and J. G. Bennett, copartners, doing business as Joseph S. Westerheide & Company, and Joseph S. Westerheide & Company, a corporation. Judgment in favor of the copartnership, from which the Drumright State Bank appeals. Affirmed.

Hughes, Foster & Ellinghausen, for plaintiff in error.

W. F. Speakman and Wilcox & Swank, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was plaintiff below, and defendant in error Joseph S. Westerheide & Company, a copartnership, was one of the defendants below. These parties will be re-

ferred to herein as plaintiff and defendant as they appeared in the trial court. The other defendant, Joseph S. Westerheide & Company, a corporation, is not concerned in this appeal. This defendant will be referred to herein as the Westerheide corporation to distinguish it from the copartnership of substantially the same name.

The plaintiff is a banking corporation doing business at Drumright. The defendant was a partnership, engaged in the real estate business in Drumright and vicinity. It seems that the copartnership became indebted to plaintiff bank sometime in September, 1919. The item of indebtedness seems to have been carried by plaintiff bank, and extended from time to time, increased by additional loans and diminished by payments, the notes being signed by the copartnership by a member thereof, until about the 6th of April, 1921, when a note for $750 was given plaintiff bank, signed "Joseph S. Westerheide & Company, Arthur O'Dell, Pres. Attest: Joseph S. Westerheide, Sec." This indebtedness seems to have been added to a former indebtedness of the copartnership, and thereafter notes were signed as above quoted.

It seems that on May 12, 1923, a note was given plaintiff bank for $6,750, payable July 22, 1923, signed as above quoted. On the 22nd of August, 1923, another note was given for a like sum, payable November 20, 1923.

This note was signed the same as the former note, except there was added to the signing the additional words, "a corporation." Both of the notes last referred to were in the hands of the plaintiff bank on March 14, 1924, when this suit was filed, both representing the same indebtedness. These notes were declared upon in the plaintiff's petition. The defendant, copartnership, presented the defense that the copartnership ceased to exist on or about the 18th of October, 1920, when a corporation was created, and named Joseph S. Westerheide & Company; and that the plaintiff bank had accepted the corporation note in lieu of the obligation of the copartnership; and that it was thereby released from any legal liability to the bank. The Westerheide corporation made no defense, and judgment was rendered in favor of the plaintiff and against the said corporation for the amount represented by the note.

The question of whether or not the plaintiff had accepted the obligation of the Westerheide corporation in lieu of the obligation of the defendant copartnership, having the effect of releasing such defendant, was submitted to a jury and a verdict returned for

the defendant; and judgment entered thereon in favor of the copartnership and against the plaintiff bank, upon which judgment was entered.

The plaintiff bank prosecutes appeal presenting the following for reversal: First. That novation is never presumed, but must be alleged and proven. Second. The trial court erred in instructions to the jury.

Under the first proposition it is contended that there were no allegations in the answer to support proof of a novation. That is, that the copartnership defendant did not allege that an agreement had been made by the plaintiff to accept the obligation of the corporation for that of the copartnership. It is insisted that such allegation is necessary; and a failure to so allege an agreement made by plaintiff bank, is fatal to the defense that the acceptance of the obligation of the corporation constituted a novation.

It is alleged in the answer, in substance and effect, that as the indebtedness became due the plaintiff would accept the notes of Joseph S. Westerheide & Company, a corporation, and cancel, release, and discharge the indebtedness of Joseph S. Westerheide & Company, a copartnership; that the corporation had taken over the assets and assumed the liabilities of the copartnership; and that the plaintiff was thoroughly conversant with all the business of the corporation.

It was held in Martin v. Leeper Bros. Lumber Co., 48 Okla. 219, 149 Pac. 1140, that there are four essential elements constituting a novation: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one. There is no dispute here about the validity of the previous and the new contract. It seems to us that when the defendant alleged that the plaintiff knew of and was thoroughly conversant with the business of the corporation, and had accepted the valid contract of Westerheide corporation, and had canceled and released the old contract of defendant copartnership, a novation was sufficiently pleaded. We hold the pleading sufficient.

Secondly, under the first proposition, it is contended that proof of the novation is necessary, and there was no proof that the plaintiff had agreed to accept the obligation of the Westerheide corporation in lieu of the obligation of defendant copartnership. That an agreement to novate is necessary cannot be doubted, but whether there was an agreement to novate in any particular case is a question to be determined from facts and circumstances put in proof, when the novation is in dispute as it was in this case. The real question here is, Were there facts and circumstances put in proof sufficient to make it a question of fact for the jury to determine as to whether the agreement to novate had been made? If there was, due effect should be given to the jury's verdict, and if not, the verdict should be set aside.

The evidence tends to show that the copartnership was composed of Joseph S. Westerheide, Arthur O'Dell, and J. G. Bennett, and was known as Joseph S. Westerheide & Company, and existed as such from 1917 to about October, 1920, when the corporation was created, known as "Joseph S. Westerheide & Company," with Westerheide, O'Dell, Bennett and Doidge as stockholders; and the corporation took over the assets of the copartnership and assumed its liabilities. That at the time the corporation was organized, or about that time, the copartnership was indebted to the plaintiff bank about $11,000. That sometime early in the year 1921, Mr. Westerheide negotiated a loan of $750 for the corporation and gave a note for it, signed "Joseph S. Westerheide and Company, Arthur O'Dell, Pres. Attest: Joseph S. Westerheide, Sec." At the time this note was given and accepted by the plaintiff bank, the officers of the bank were advised that the copartnership had been changed to a corporation; and the reason given for the change was that one of the copartners did not want to make deeds to the partnership property. One of the officers of the bank said it would be all right. That previous to forming the corporation the notes were signed "Joseph S. Westerheide and Company by Joseph S. Westerheide." That afterwards the notes were signed "Joseph S. Westerheide and Company, by Arthur O'Dell, Pres. Attest: Joseph S. Westerheide, Sec." That previous to the corporation O'Dell never signed any of the paper, and afterwards he signed all the notes as president. That when the corporation was formed a series of notes were given, each apparently a renewal of a former one. That one was given dated November 2, 1921, for $6,750, due January 1, 1922. This note was signed as corporation paper, and afterwards marked "paid." Another was dated November 4, 1922, for same amount, and due January 23, 1923, signed as the other corporation paper, and marked "paid." Then follows one dated May 12, 1923, due July 22, 1923, for the same amount, signed as other corporation paper, and marked on its face "paid by renewal."

The next seems to be the note relied upon in the suit, dated August 22, 1923, due November 20, 1923, for same amount, renewal from last note mentioned. The last two notes referred to seem to have been in the plaintiff bank at the time the suit was filed, and copies were attached to the original petition. The testimony tends to show that the last one was signed by the secretary and left in the bank for the signature of O'Dell, who was not in the bank at the time. the other to be held until the signature on the last was complete, and was not called for by the corporation officers. The evidence further shows that O'Dell was one of the officers of the plaintiff bank as well as an officer in the Westerheide corporation. There seems to be no serious dispute about these matters. Thus, it appears plain that all the copartnership obligations were replaced by Westerheide corporation obligations, with the consent, tacit at least, of the officers of the plaintiff bank. It also appears that the corporation notes were frequently inspected by the board of directors of the bank in connection with inspections by the bank examiner, and were passed with the explanation that they were the notes of Arthur O'Dell's and Jim Bennett's company.

Each of the officers of the bank testified that he had never made any agreement to accept the corporation obligation and release the copartnership. The question that arises, then, is as to whether or not there was such conflict in the evidence as to make it a question of fact for the jury to determine.

Section 2, 29 Cyc. 1132, states the rule, under the head of "Novation," as follows:

"It is not essential that the assent to an acceptance of the terms of novation be shown by express words to that effect, but the same may be implied from the facts and circumstances attending the transaction, and the conduct of the parties thereafter."

This seems to be the rule adhered to in Jones v. Austin (Ind.) 59 N. E. 1082; Barnes v. Crockett. 111 Va. 240, 68 S. E. 983. 36 L. R. A. (N. S.) 464, where it was said:

"Whether or not the taking of a new security of equal dignity is to be treated as a novation or substitution for and an extinguishment of a prior indebtedness, is a matter of intention, to be determined from all the facts and circumstances of the case. Morriss v. Harvey, 75 Va. 726, 732. State Bank v. Domestic Sewing Machine Co., 99 Va. 411, 86 Am. St. Rep. 891, 39 S. E. 141; Coles v. Withers, 33 Grat, 186, 187; Fidelity Loan & T. V. Engleby, 99 Vt. 168, 37 S. E. 957."

In Union Central Life Insurance Co. v Hoyer (Ohio St.) 64 N. E. 435, the Ohio court said:

"The consent to and acceptance of the terms of such contract of novation need not be express, but the same may be implied from the facts and circumstances attending the transaction and the conduct of the parties thereafter."

In Walker v. Wood (Ill.) 48 N. E. 919, the court held:

"The assent or agreement may be either express or implied, but neither knowledge of the arrangement between the corporation and the firm, nor the partial payment of the debt, nor a demand for the payment, like the filing of the claim against the corporation, nor all combined, necessarily establish such assent or agreement as a legal conclusion. 16 Am. & Eng. Enc. Law, 904; Rayburn v. Day, 27 Ill. 46; Goodenow v. Jones, 75 Ill. 48; Hayward v. Burke, supra. All the facts and circumstances of the case are proper to be submitted to the jury for the purpose of determining whether the creditor has impliedly assented to the discharge of the old firm."

In Re Dixon, Bankrupt, 13 Fed. 109, it was held that it is not necessary that there be an express agreement to novate; but it is sufficient if it appears from facts and circumstances in the case.

In Chase v. Brundage, 58 Ohio St. 517, 51 N. E. 31, the court held:

"The agreement need not be express, but may be implied from the circumstances of the transaction and conduct of the parties, and no higher degree or greater certainty of proof is necessary to establish the agreement than is ordinarily required to prove any other fact in civil cases. A preponderance of the evidence is sufficient"

—and further held that:

"It is the province of the jury, and not of the court to determine whether there was such agreement, which must be done from all the evidence."

It was held in Kirtley v. C. G. Galbo Co., Inc. (Mass.) 138 N. E. 326:

"The mutual consent of all parties to a substitution and novation may be established by circumstances showing such assent, as well as by express words."

In 37 A. & E. Ann. Cas. 1202, the rule is stated as follows, in a note:

"An agreement that the obligation of a partner is to operate as a satisfaction of a firm debt need not be express or formal in character. The intention of the parties to release or discharge the remaining partners may be inferred from the facts and circumstances of each particular case, the existence

of such an intention being a question of fact for the jury," citing many authorities.

It seems from all the authorities that a novation is by no means an exception to the rule that contracts may be implied from facts and circumstances, acts and conduct, of the parties; and may be established by other contracts by showing the facts and circumstances, acts and conduct, of the parties, with reference to the matter, in the absence of statutory provisions regulating the matter of the contract, or the manner of proving it. We think the evidence was sufficient to take the question to the jury as to whether the novation was agreed to by the plaintiff bank.

The complaint made with reference to the instructions is that the court failed to give certain requested instructions. We have carefully examined the instructions given by the court. The court advised the jury that the burden was upon the defendant, copartnership, to show that the plaintiff bank had accepted the obligation of the Westerheide corporation in lieu of the copartnership obligation; and that it was agreed and understood that the indebtedness of the copartnership should thereby be extinguished, and in determining the matter the jury should take into consideration all the facts and circumstances in evidence. This seems to be the correct rule. The requested instructions could not have made it plainer.

There is no error. The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 1139. (2) 29 Cyc. p. 1139. (3) 29 Cyc. p. 1132. (4) 38 Cyc. p. 1711. (5) 4 C. J. p. 853, §2834; 2 R. C. L. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.