JOHN C. HERMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51959. Promulgated December 21, 1932.

*John C. Hermann, Esq.*, pro se.
*L. W. Creason, Esq.*, for the respondent.

410

LEECH: Section 23 of the Revenue Act of 1928 allows as a deduction in computing net income: "All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities * * * the interest upon which is wholly exempt from taxation under this title."

It is respondent's contention that petitioner, on a cash basis and indebted for borrowed money and accrued interest, having in the taxable year borrowed a larger sum from his creditor and with part of it paid off the first loan and interest, has in fact not paid interest, but merely increased his loan, and is not entitled to credit for the interest satisfied.

The question raised appears to be original. We have found no decision of the courts or the Board directly in point. Respondent insists that the correctness of his theory is demonstrated by application of the rule laid down in certain cases involving claimed deductions for losses sustained by one on a cash basis. He cites *A. F. Osterloh*, 13 B. T. A. 713; affd., 37 Fed. (2d) 277, where the taxpayer lost certain borrowed stock in the taxable year and was under obligation to pay the owner its full value, it being held that, not having paid his obligation, he had not sustained a deductible loss. He also calls attention to the line of cases holding that an endorser of a note is not entitled, when on a cash basis, to credit for a loss when the maker becomes insolvent in the tax year, where payment under the endorsement was not made in such year. *O. D. Haskett Lumber Co.*, 19 B. T. A. 714; *J. P. Badenhausen*, 7 B. T. A. 910. Respondent further relies upon *Eckert* v. *Burnet*, 283 U. S. 140, affirming 42 Fed.

(2d) 158, and 17 B. T. A. 263, holding that one liable on a note, the payment of which would constitute a deductible loss, is not entitled to such credit, when on a cash basis, where in the taxable year he merely satisfies the old obligation by giving a new note.

In our opinion, the cited cases are not in point. They hold, only, that where credit is allowed to one on a cash basis for a loss *sustained*, it must be *actually sustained* and not merely postponed. The present question is not one of loss, but of credit claimed for interest paid.

Although taxation is highly practical and has regard for substance rather than form, *Tyler* v. *United States*, 281 U. S. 497; *Weiss* v. *Stearn*, 265 U. S. 242, it is sometimes difficult to recognize the effective difference between these vague alternatives. Cf. *Commissioner* v. *Sansome*, 60 Fed. (2d) 931. However, assuming the existence of such difference here, certainly, in form, this transaction evidenced the payment of the original loan and interest thereon, since it is uncontradicted that the original note or loan certificate was returned to petitioner marked *paid in full with interest* as of the date of the new loan. *Clarendon County* v. *Curtis*, 46 Fed. (2d) 888. *In re Dixon*, 13 Fed. 109. The forms or steps adopted and thereafter executed to carry out the disputed transaction were legal and effect must be given to them individually. *E. H. Nielsen Co.*, 26 B. T. A. 223; *Evelyn F. Gregory*, 27 B. T. A. 223.

Nor does the substance of what here occurred seem other than a deductible payment of interest. We can see no real difference, where credit under section 23 is concerned, in a taxpayer's payment of interest with money borrowed or cash already on hand and representing accumulated earnings. We have consistently held that the borrowing of money with which to pay deductible business expenses does not postpone credit for the payment to the year of repayment of the loan. *Ida Wolff Schick*, 22 B. T. A. 1067; *Robert B. Keenan*. 20 B. T. A. 498. The fact that the full amount of the second loan was not handed to this petitioner in cash and the sum necessary to cover the first loan and interest handed back is of no importance. It was applied in satisfaction of petitioner's indebtedness and so was constructively received and disbursed by him. *United States* v. *Boston & Maine R. R. Co.*, 279 U. S. 732; *Henry D. Muller.* 16 B. T. A. 1015; *Mrs. Frank Andrews*, 26 B. T. A. 642. Nor do we think the fact that both loans were from the same party is material. There is no difference in the case of one who is indebted to his bank for principal and interest and negotiates with the bank for a new and larger loan and pays with the proceeds of the second loan the interest on the first, and a case where the second loan was negotiated

with a different bank. Nor can we differentiate the legal effect, under the first example given, where the bank deducts from the proceeds of the second loan an amount necessary to cover interest and principal on the first loan or credits the f ll amount to the borrower's deposit account and charges against that account the first note and interest, or, alternatively, pays the full amount to him in cash and receives back cash sufficient to satisfy the first obligation. In all of these cases the same thing in fact is done. The taxpayer has paid a debt and accrued interest with borrowed cash. Actual payment of interest on an indebtedness by the taxpayer within the taxable year meets the requirements of the statute. Where the taxpayer obtained the money to make the payment is not material. In the cases cited involving claimed deductions for loss, no credit was allowed, as no loss was actually sustained, because the satisfaction of the first liability merely created a similar one to take its place, but, in the present case, the interest in question was actually satisfied. At the time the second loan was negotiated petitioner was indebted for interest on borrowed money. Upon the second transaction being completed, he had no such liability. The situation is not similar to that presented in *Utah Orpheum Co.*, 3 B. T. A. 1041, where the payment of an existing debt not created by a loan was merely deferred by the giving of a promissory note. In the instant case the note was the basis of a new loan, and the prior note and interest were satisfied from the proceeds.

Respondent admits that petitioner, on a cash basis, is entitled to have his net income determined on the basis of the amount actually or constructively received and disbursed by him during the taxable year. Had petitioner maintained a formal set of books on the cash basis it would have been perfectly proper in our opinion to record the transaction detailed in the findings by debiting cash with the full amount of the second loan obtained and crediting cash with the $2,250.66 of interest paid.

Respondent's theory, if accepted, would preclude the allowance of credit against gross income to one on a cash basis of interest paid except in cases where payment was made from cash surplus, and we can see no intent on the part of Congress in the enactment of section 23 of the Revenue Act of 1928 so to limit the deduction allowed.

We hold that petitioner is entitled, in determining his net income for the year in question, to deduct $2,250.66 representing that portion of the loan obtained by him in that year which was applied in satisfying his interest obligations.

*Judgment will be entered under Rule 50.*