# CHARLESTON

STUCKEY v. MIDDLE STATES LOAN, BUILDING & CONSTRUCTION CO.

Submitted September 8, 1906.     Decided December 11, 1906.

1.  USURY—*Assumption of Usurious Debt.*
    One who purchases land which is subject to an usurious trust debt, and assumes the payment of such debt as part of the consideration for his purchase, cannot be relieved from the usury. (p. 75.)

Appeal from Circuit Court, Tucker County,

Bill by B. A. Stuckey against the Middle States Loan, Building & Construction Company.   Decree for plaintiff, and defendant appeals.

*Reversed and Bill Dismissed in Part.*

C. O. STRIEBY, for appellant.

R. D. HEIRONIMUS, for appellee.

COX, JUDGE:

In March, 1893, H. J. Wagoner obtained from the Middle States Loan, Building and Construction Company, a corporation under the laws of Maryland, a loan of $600.00 on stock of said corporation then held by him,   For this loan Wagoner executed to the corporation his bond in the penalty of $1,200.00, dated the 11th day of March, 1893, conditioned for the payment of the loan and interest thereon, together with all dues and premiums, until the maturity of the said stock upon which the loan was obtained in accordance with the by-laws of the corporation.   To secure the payment of the loan and the performance of the conditions of the bond, Wagoner and wife executed a deed of trust, also dated the 11th day of March, 1893, conveying to Alexander Neil and C. O. Strieby, trustees, a lot of land in the town of Davis.  By deed dated the 1st day of April, 1893, Wagoner and wife conveyed the lot to the plaintiff, Benjamin A. Stuckey, the deed reciting that the consideration therefor was $1,000.00 in hand paid.   At February rules, 1901, the plaintiff, Stuckey, filed his bill in the circuit court of Tucker county against the corporation, Wagoner and the trustees, alleging that as part of

the consideration for the purchase of the lot the plaintiff assumed the debt owing by Wagoner to the corporation; that thereafter the corporation looked to him for, and collected from him the monthly installments on said debt until the month of March, 1900, when he refused longer to pay; that up to the time of the conveyance of the lot to him, Wagoner had paid the monthly installments on the debt; that the payments by Wagoner and plaintiff were more than sufficient to pay the debt; and that the contract whereby Wagoner obtained the loan was usurious; and praying an accounting as to the debt, a release of the deed of trust, and 'for general and special relief. The answer of the corporation admits the allegation of the bill to the effect that the plaintiff assumed the debt owing by Wagoner to the corporation, as a part of the consideration for the purchase of the lot. Wagoner filed an answer in which he did not make the defense of usury or authorize the plaintiff to do so. The case was referred to a commissioner to state the account and for other purposes. On the 26th of November, 1904, counsel for all the parties appeared in court and waived the order of reference and agreed that, if the contract in controversy be held usurious, upon calculation by partial payments at 6 per cent. interest, there would be due to the plaintiff from the corporation the sum of $269.78, with interest from the 15th day of November, 1904, and that if the contract be held not usurious, there would be due to the corporation from the plaintiff the sum of $498.56, with interest from said date. Thereupon the court held that the contract was usurious and that the plaintiff was entitled to be relieved from the usury, and entered a final decree in favor of the plaintiff against the corporation for the sum of $269.78 with interest and costs, and directed a release of the deed of trust. From this decree the corporation obtained an appeal.

Assuming that the debt is usurious, which we do not decide, the vital question in this case is: Can the plaintiff, under the circumstances stated, be relieved from the usury? The contract whereby Wagoner obtained the loan from the corporation was a building and loan association contract, providing for the monthly payment of interest, dues and premiums until the maturity of the stock upon which the loan was obtained. Whether the contract was usurious or

not, the plaintiff assumed the payment of the debt thereby
created. It is not claimed that the plaintiff's contract with
Wagoner was usurious. If the plaintiff is compelled to pay
the usurious debt he does nothing more than he agreed with
Wagoner to do in the purchase of the lot. If the plaintiff
should be relieved from the payment of usury, he would pay
less for the lot than he agreed to pay. The principles gov-
erning this case are well settled in this State. The defense
of usury is personal to the debtor. One who purchases land
which is charged with an usurious debt, and, as part of the
consideration for his purchase, assumes the payment of the
debt, cannot be relieved from the usury. *Spangler* v. *Snapp*,
5 Leigh (Va.) 478; *Crenshaw's Admr.* v. *Clark*, 5 Leigh
(Va.) 65; *Smith* v. *McMillan*, 46 W. Va. 577; *Lee* v. *Feam-
ster*, 21 W. Va. 108; *Snyder* v. *Construction Co.*, 52 W. Va.
655; *Harper* v. *Building Ass'n*, 55 W. Va. 149; *Chenoweth*
v. *Building Ass'n*, 53 S. E. R. (W. Va.) 559. In *Harper*
v. *Building Ass'n*, the property on which the usurious debt
was charged had been twice conveyed after being so charged.
The original debtor, as well as both alienees, made the de-
fense of usury, and that was held sufficient to raise the ques-
tion of usury. In that case it was also held that a purchaser
of real estate charged with an usurious debt cannot defend
against the usury, unless the debtor unites with him in the
defense, or his acquiescence and consent to such defense ap-
pear in the record. In this case the original debtor, Wag-
oner, neither made the defense of usury himself nor joined
with the plaintiff in so doing, nor in any way acquiesced in
or consented to such defense by the plaintiff. The principles
stated leave the plaintiff without right in this case to be re-
lieved from the usury, if the contract be usurious; and they
are conclusive of the case in the absence of novation. In
*Chenoweth* v. *Building Ass'n*, novation is defined to be the
substitution of one debtor by mutual agreement for another,
whereby the old debt is extinguished. In order to make a
novation, there must be an extinguishment of the old debt,
which implies the release of the original debtor. This record
does not disclose such a state of facts. The plaintiff does al-
lege in the bill that the shares of stock in the corporation
were transferred to him by Wagoner; and there is exhibited
with the bill a pass book purporting to show payments by

Stuckey to the corporation.   These payments were entered on the pass book in the name, or initials, of H. J. Wagoner as collector for the corporation, except two which were entered in the name of Smith as such collector.   In the case of *Chenoweth* v. *Building Ass'n, supra*, which involved a building and loan association contract, there had been a transfer of the stock and a new account opened by the building and loan association with the purchaser of the property upon which the debt was charged; but, as in this case, there had been no extinguishment of the old debt and no release of the original debtor.   The court properly held that there was not a novation, and we so hold in this case.

The Middle States Loan, Building and Construction Company by its answer does not pray affirmative relief either by way of decree against the plaintiff or enforcement of the trust; but the plaintiff, having come into equity for an accounting and for relief against an alleged usurious debt, we think it is proper to adjudicate in this suit the amount of the debt in accordance with the agreement of record of the parties.

For the reasons stated, the decree complained of is reversed and the amount of the trust debt mentioned in the bill and exhibits and evidenced by the bond of the defendant Wagoner to the corporation, dated the 11th day of March, 1893, is ascertained to be $496.56, with interest from the 15th day of November, 1904, until paid; and as to all other relief prayed for in the plaintiff's bill the bill is dismissed. This decision is without prejudice to any right, remedy or proceeding on the part of the defendant corporation for the collection of the debt the amount of which is here ascertained, or for the enforcement of the trust securing the same.

*Reversed and Bill Dismissed in Part.*