JOHNSON *ET AL.* v. ADAMS *ET AL.*

(136 S. E., 885)

1. BANKS AND BANKING—STOCKHOLDERS' LIABILITY TO DEPOSITORS IS NOT "ASSET" OF BANK, BUT IS BASIS OF INDIVIDUAL, PERSONAL, JOINT RIGHT IN DEPOSITORS (CONST. ART. 9, § 18; CIV. CODE, 1922, § 3998).—Liability of stockholders to depositors, under Const. Art. 9, § 18, and Civ. Code, 1922, § 3998, is not an "asset" of the bank, but is basis of an individual, personal, joint right in depositors, with which corporation or its receiver, or board of liquidating trustees had nothing to do.

2. BANKS AND BANKING—TRIAL COURT HELD WITHOUT JURISDICTION TO APPOINT BANK RECEIVER AS RECEIVER OF STOCKHOLDERS' LIABILITY TO DEPOSITORS (CONST. ART. 9, § 18; 3 CIV. CODE, 1922, § 3998).—Trial Court *held* to have been without jurisdiction, under Const. Art. 9, § 18, and Civ. Code, 1922, § 3998, in appointing receiver of bank as receiver of stockholders' liability to depositors, since such liability is not asset of the bank; it being immaterial that application was prosecuted jointly by receiver and depositor.

3. APPEAL AND ERROR—SUPREME COURT MAY DECLARE SUA MOTU TRIAL COURT'S WANT OF JURISDICTION TO APPOINT BANK RECEIVER AS RECEIVER OF STOCKHOLDERS' LIABILITY TO DEPOSITOR.—Where trial Court's lack of jurisdiction to appoint bank receiver as receiver of stockholder's liability to depositors appears on face of proceedings, it may be so declared *sua motu* by Supreme Court.

Before DENNIS, J., Richland, December, 1926. Affirmed.

Action by Harvey W. Johnson, as receiver of the Bank of Cross Anchor, against the estate of W. C. Adams and others, wherein Mr. James E. Peurifoy, receiver of American Bank & Trust Company, filed a petition seeking to restrain further proceedings in case. From an order permitting plaintiff to proceed with the action, James E. Peurifoy as receiver appeals.

The exceptions of the receiver, directed to be reported, are as follows:

"(1) That the Court erred in dismissing the petition and refusing to restrain the further prosecution of this action, because:

"(a) The Court in the case of John I. Rice and others, having previously taken jurisdiction of the entire matter, this court was without authority to warrant the bringing of this suit.

"(b) The Court having previously, by its orders in the case of *John I. Rice et al. v. City of Columbia et al.,* called in all claimants and depositors into said action, and having appointed Jas. E. Peurifoy receiver of stockholders' liability, and having authorized him to collect the stockholders' liability, Judge Dennis was without jurisdiction, on November 23, 1926, to make the order in this case authorizing the prosecution of this action and enjoining suits by depositors in any other action.

"(c) The action of *John I. Rice et al. v. City of Columbia et al.,* to which stockholders and depositors were already duly made parties, and in which a receiver had been duly appointed, was the proper and appropriate action in which to bring and prosecute and adjust all questions as to stockholders' liability.

*Messrs. D. W. Robinson and D. W. Robinson, Jr.,* for appellants, cite: *Liability of stockholders in banking corporation to depositors:* Const. 1895, Art. 9, Sec. 18; Civ. Code, 1922, Sec. 3998. *Depositors may proceed against stockholders at any time after general insolvency:* 129 S. C., 114; 123 S. E., 773; 99 S. C., 362; 83 S. E., 778. *Affairs of insolvent bank may be wound up in one action:* 213 F., 94; 144 F., 538; 79 N. W., 698; 112 P., 975; Tardy's Smith on Receivers, 1388; 1 Clark on Receivers, 360; 1 Michie on Banks & Banking, 215; 2 Morse on Banks & Banking, 5th Ed., Sec. 693. *Creditor's suit on liability of stockholders of bank is equitable:* 1 Clark on Receivers, 365 and 381; 1 Michie on Banks & Banking, 5th Ed., Sec. 49; 48 Ohio St., 663; 33 N. E., 234; 65 Ohio St., 321; 62 N. E., 334; 87 A. S. R., 611; 79 N. W., 698; 2 Morse on Banks & Banking, 5th Ed., Sec. 693; 206 U. S., 532; 51 L. Ed., 1175;

121 U. S., 48; 30 L. Ed., 871; 36 Colo., 71; 85 P., 644. *Duty of receiver to collect all assets of bank:* 133 S. C., 454; 131 S. E., 614; Civ. Code, 1922, Secs. 3981, 3985 and 4282; 7 C. J., 736; 121 U. S., 50; 30 L. Ed., 871. *Order directing collection of stockholders' liability could only be questioned in this action:* 116 S. C., 11; 106 S. E., 843; 112 S. C., 430; 100 S. E., 169; 106 S. C., 492; 91 S. E., 796; 90 S. E., 558; 62 S. C., 544; 56 S. C., 4; 34 S. C., 461. *As to interference by one judge with order of another of equal rank:* 129 S. C., 88; 123 S. E., 772. *Court first acquiring jurisdiction of subject matter and res:* 86 S. E., 8; L. R. A., 1915-F, 1219; 83 S. C., 162; 25 S. C., 212; 10 S. C., 433; 6 S. C., 345; 212 U. S., 129; 53 L. Ed., 440; 177 U. S., 61; 44 L. Ed., 671; 95 W. Va., 335; 121 S. E., 98; 121 N. C., 343; 28 S. E., 488; 2 Tardy's Smith on Receivers, 2011.

*Messrs. Thomas & Lumpkin and Bomar & Osborne,* for respondents, cite: *Liability of stockholders in banking corporation to depositors:* Const. 1895, Art. 9, Sec. 18, Civ. Code, 1922, Sec. 3998. *Case distinguished:* 81 S. C., 495. *Causes of action of depositors in insolvent bank against stockholders and against bank are separate:* 129 S. C., 114; 99 S. C., 357; 81 S. C., 501. *Remedy may be at law or in equity in absence of statutory provision:* 53 S. C., 589. *Depositors may bring action on stockholders' liability without waiting on receiver to wind up affairs:* 131 S. C., 56; 79 S. C., 8. *In absence of statutory authority Court may not appoint receiver to collect stockholders' liability:* 53 S. C., 592; 20 Utah, 54; 77 A. S. R., 908; 25 Col., 551; 71 A. S. R., 145; 147 Ind., 238; 36 L. R. A., 645. *When one party may sue for benefit of a class:* Code Civ. Pro., 1922, Sec. 362; 15 R. C. L., 1026. *Same; virtual representation:* 20 R. C. L., 670. *Cases distinguished:* 213 F., 94; 144 F., 538; 112 P., 975; 79 N. W., 698; 206 U. S., 532; 51 L. Ed., 1175; 121 U. S., 48; 30 L. Ed., 871. *Legislature alone can change law:* 3 R. C. L., 31. *Actual practice followed in*

*collecting double liability of stockholders in banking corpo-*
*rations:* 79 S. C., 9. *Same; statutes in certain jurisdictions*
*provide for collection by receiver:* 4 R. C. L., 414.

February 28, 1927.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

This is an appeal from an order in the case of Johnson,
receiver of Cross Anchor Bank, against Adams and others,
by his Honor Judge Dennis, dated December 10, 1926, re-
fusing the petition of James E. Peurifoy, receiver of the
American Bank & Trust Company, appointed in the case of
*Rice v. City of Columbia,* for an order "cancelling, with-
drawing, and revoking" an order made by his Honor,
Judge Dennis, in the *Johnson Case,* dated November 23,
1926, enjoining actions for the enforcement of stockholders'
liability except in the *Johnson Case.*

In brief, the controversy is whether the liability of the
stockholders of the American Bank & Trust Company shall
be enforced for the benefit of depositors in the present case,
for convenience referred to as the *Johnson Case,* or by the
receiver of that company appointed in the *Rice Case.*

On July 1, 1926, an action was instituted in the Court
of Common Pleas for Richland County, entitled *John I.*
*Rice et al., Plaintiffs, against City of Columbia et al., De-*
*fendants,* for the purpose of setting aside certain preferences
alleged to have been given by the American Bank & Trust
Company when it was insolvent, and an order of injunction
was issued restraining the disposition of the alleged pref-
erences. This order was signed by his Honor, Judge
Townsend.

On July 2, 1926, a further order was signed by the same
Circuit Judge, enjoining all suits connected with the sub-
ject-matter of the complaint, except in the Rice action.

Soon thereafter the city of Columbia, a defendant in the
Rice action, filed a petition in that action, asking the Court

to appoint a receiver of the bank and for an order making the bank and Bradley, State Bank Examiner, who had been appointed receiver under Section 3985, Civ. Code 1922, parties to the action.

On July 19, 1926, an order was signed by his Honor Judge Townsend, appointing James E. Peurifoy receiver of the bank, displacing Bradley. By that order all creditors of the bank were enjoined from maintaining independent actions, and were required to prove their claims in the Rice action.

On September 7, 1926, his Honor, Judge Dennis, signed an order requiring all creditors, depositors, and claimants of and against the bank to present their demands to the receiver on or before November 15, 1926, and that notice thereof be published. The notice was published and many claims were presented.

On November 6, 1926, upon the application of James E. Peurifoy, receiver, and James S. Farr, a depositor who claimed to represent the depositors as a class, his Honor, Judge Townsend, signed an order appointing James E. Peurifoy *receiver of the stockholders' liability to the depositors,* under the Constitution, Art. 9, § 18, and Section 3998, Vol. 3, Code 1922, and authorizing him to proceed to make and collect the assessments provided by law against the stockholders.

Under the first order of his Honor, Judge Townsend, appointing Mr. Peurifoy receiver of the bank, he qualified by giving bond, entered upon the discharge of his duties and has since been so acting. It does not appear that he similarly qualified as *receiver of the stockholders' liability,* under the order of November 6, 1926.

On November 23, 1926, the present action was instituted in the Court of Common Pleas for Richland County by Harvey W. Johnson, as receiver of the Cross Anchor Bank, which was a depositor in the American Bank & Trust Company, on behalf of himself and all other depositors of that

bank, against the stockholders of that bank, alleging its insolvency, and praying judgment upon the statutory liability

At the time of the commencement of this action, the plaintiff obtained from his Honor, Judge Dennis, an order restraining all depositors of the American Bank & Trust Company from bringing any further independent proceeding. This order was *ex parte* without notice to Mr. Peurifoy, who had been appointed receiver of such liability under the order of his Honor, Judge Townsend, of November 6, 1926.

On November 26, 1926, Mr. Peurifoy, as receiver of the American Bank & Trust Company, not as receiver of the stockholders' liability under the order of November 6, 1926, filed in the *Johnson Case,* a petition, setting out substantially as above stated the proceedings which had been had, and asking that the order of his Honor, Judge Dennis, dated November 23, 1926, in the *Johnson Case,* enjoining the prosecution of claims of depositors against stockholders except in that action, be annulled, and that further proceedings in the *Johnson Case* be restrained.

On December 10, 1926, his Honor, Judge Dennis, filed an order refusing to annul the order of November 23, 1926, and directing:

"That the plaintiffs (in the *Johnson Case*) be, and they are, permitted to proceed in this action against the stockholders of the American Bank & Trust Company, not affected by the orders already issued by me, so that this action will proceed against the stockholders of the parent bank at Columbia, S. C., * * * and the motion of the receiver to restrain the further prosecution of this action is refused. * * *"

His Honor, the Circuit Judge, gave as his reasons:

"It seems to me that it would be an exceedingly good law if the receiver could proceed in this matter against the stockholders, as it would bring all of the litigation into one

case, and would, to my mind, cut down expense and be helpful in the administration of justice. However, I do not think, under the law of our State, that the receiver has the authority, and I do not think, under the order in this case, that the receiver was given such exclusive authority as to prevent the prosecution of this action by the depositors."

From this order, the receiver, James E. Peurifoy, has appealed upon three exceptions, which will be reported. They raise practically the single question, stated above as the main controversy, whether the liability of the stockholders of the American Bank & Trust Company shall be enforced for the benefit of depositors, in the present case, the *Johnson Case,* or by the receiver of that bank under the order of November 6, 1926.

It is questionable whether, in the absence of an order permitting Mr. Peurifoy as receiver to intervene in the *Johnson Case,* he has a *locus standi* for the purpose of making any motion by petition or otherwise, in that case; but, as the matter is one of great importance to the speedy administration of the affairs connected with the insolvent bank, that obstacle will be disregarded.

The matter has been fully considered in the case of *Ford v. Sauls,* now in process of decision, and it is there concluded that the liability of stockholders to depositors, under the Constitution and statute, is not an asset of the bank, but is the basis of an individual, personal, joint right in the depositors, with which the corporation or its receiver or its board of liquidating trustees have absolutely nothing to do.

It follows that his Honor, Judge Townsend, was without jurisdiction to sign the order of November 6, 1926, appointing Mr. Peurifoy receiver of the stockholders' liability to depositors, a matter which appears upon the face of the proceedings and may be so declared, even *sua motu* by this Court, as was done in the case of *State v. Bank of Clio,* 129 S. C., 109; 123 S. E., 773.

The fact that the application was jointly presented by the receiver and a depositor cannot cure the want of jurisdiction.

That case is quite in point: There a creditor of the failed bank by note filed a petition in the proceeding in which the Court had appointed a receiver of the bank, for leave to surrender his note and take in substitution a certificate of deposit which he had surrendered at a prior time for the note, to be restored to his original position as a depositor, so that he might recover upon the stockholders' statutory liability to depositors. The application was made to his Honor, Judge Dennis, who ruled against the petitioner *upon the merits of his contention,* holding that he had made a *bona fide* exchange, and was bound by it. This Court reversed the order of his Honor, Judge Dennis, not upon the ground that he had erroneously decided the merits of the controversy, but upon the ground that he had no jurisdiction to entertain the petition for the reason:

"That this controversy does not in any wise concern the receiver of the bank. * * * That is a matter with which the receiver is not at all concerned; it is entirely separate and distinct from the administration of the estate in his hands."

"Court was without jurisdiction to authorize a receiver to maintain actions on behalf of creditors of an insolvent bank against stockholders on their statutory liability * * * such right of action existing alone in the creditors." *Corwin v. Settergren,* 70 Mont., 535; 226 P., 522.

A matter worthy of consideration is this: Mr. Peurifoy was not vested with the duty *as receiver of the bank* of collecting the stock assessments; he was appointed receiver of the stockholders' liability, *a separate and distinct receivership.* He did not qualify as such receiver, and has given no bond. The stock assessments will amount to $250,000, for which he alone would be personally responsible. If what is practically impossible, at least most remotely probable, there should be a failure upon his part to respond to

his obligations as such receiver, it would appear to be an impregnable position of the surety company, upon his bond as receiver of the bank, that it was not liable therefor.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE PURDY, concur.