12217

BRADLEY, RECEIVER, v. AIMAR *ET AL.*

(138 S. E., 401)

1. BANKS AND BANKING—BANK EXAMINER, AS RECEIVER, CANNOT SUE TO ENFORCE STOCKHOLDERS' LIABILITY.—State Bank Examiner, as receiver of Bank, cannot maintain action for purpose of enforcing stockholders' liability.

2. BANKS AND BANKING—REFUSAL TO SUBSTITUTE DEPOSITOR AS PARTY PLAINTIFF, IN ACTION BY BANK EXAMINER, AS RECEIVER, TO ENFORCE STOCKHOLDERS' LIABILITY, HELD NOT ABUSE OF DISCRETION.—In action by State Bank Examiner, as Receiver, to enforce stockholders' liability, motion to amend the complaint by substituting name of depositor as party plaintiff was addressed to Court's discretion, and denial thereof was not abuse of discretion.

Before SHIPP, J., Georgetown, February, 1926. Affirmed.

Action by W. W. Bradley, State Bank Examiner, as receiver of Farmers' & Merchants' Bank of Georgetown, against Mary I. Aimar, E. L. Bost, and others. From an order, plaintiff appeals. Affirmed.

The following are plaintiff's exceptions:

EXCEPTIONS

(1) Because, it is respectfully submitted, his Honor erred in ruling and holding that this action could not be maintained by the appellant, the error being that the appellant was and is the legally constituted and appointed receiver of Farmers' & Merchants' Bank, and, as such receiver, is the representative of all creditors of said bank, of which

creditors the depositors, for whose benefit the action was brought, are a class, and his Honor should have so held.

(2) Because, it is respectfully submitted, his Honor erred in ruling and holding that this action could not be maintained by the plaintiff, the error being that in this action the plaintiff was and is not acting in his capacity of state bank examiner of South Carolina, and hence exercising supervisory control of Farmer's & Merchants' Bank, but appellant is acting as the legal receiver of said bank, and, as such receiver, was and is the representative of the depositors of said bank, and this action was brought by him as such representative for the benefit of the depositors, creditors of said bank, and his Honor should have so held.

(3) Because, it is respectfully submitted, his Honor erred in refusing the appellant's alternative motion to allow the intervention and substitution of a depositor of Farmers' & Merchants' Bank as plaintiff in the action for the benefit of all depositors of said banks, the error being that such amendment could not prejudice the rights of any defendants in the action, and his Honor should have so held.

(4) Because, it is respectfully submitted, his Honor erred in refusing to allow the alternative motion of the appellant for leave to amend the complaint by substituting the name of a depositor of Farmers' & Merchants' Bank as plaintiff in the action for the benefit of all depositors of said bank, the error being that such amendment was proper in view of the matter set up in the answers of the respondents, and the refusal to allow such amendment was prejudicial to the rights of the depositors of said banking institution.

*Mr. Capers G. Barr,* for appellant, cites: *Stockholders liable to depositors for an amount equal to amount of stock held:* Sec. 3998, Civ. Code, 1922. *No reason why action for benefit of depositors cannot be maintained in name of receiver:* 53 S. C., 583. *Action not maintainable by single creditor alone. Must be brought for benefit of all creditors:*

4 S. C., 514. *Action must be brought against all stockholders; not one alone:* 10 S. C., 263. *Relation of debtor and creditor between bank and depositors:* 74 S. C., 185. *Receiver is trustee for both:* 110 S. C., 833. *Succeeds to right:* 34 Cyc., 399; 70 N. W., 752; 72 N. W., 1076. *Mode of reviewing judgment or order:* Sec. 335, Code Civ. Proc. *Vacated or modified:* Sec. 336, Id. *Order in case at bar could not be reopened by respondents, who had no interest therein:* 69 S. C., 52; 93 S. C., 247. *Error to refuse motion for leave to substitute name of depositor as plaintiff:* 81 S. C., 495. *Cases distinguished:* 136 S. E., 885; Id., 888.

*Messrs. Maham W. Pyatt* and *James W. Wingate,* for respondents, cite: *Liability of stockholders:* Ar. 9, Sec. 18, Const., 1895; Sec. 3998, Vol. 3, Code, 1922. *Creditors alone have right against stockholders on statutory liability:* 136 S. E., 885; Id., 88; 70 Mon., 535. *Court without jurisdiction to grant receiver such right:* 129 S. C., 109. *Discretionary with Circuit Judge to refuse or grant plaintiff's amendment:* Sec. 436, Vol. 1, Code. *Decisions ordinarily not appealable:* 18 S. C., 315; 3 S. C., 606; 9 S. C., 334; 13 S. C., 20; 32 S. C., 69; 81 S. C., 495.

June 4, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This action was brought by W. W. Bradley, state bank examiner, as receiver of Farmers' & Merchants' Bank of Georgetown, S. C., against numerous defendants, for the purpose of collecting in the stockholders' liability of the stockholders of said bank. The state bank examiner was appointed as receiver of said bank by order issued out of the Court of Common Pleas for Georgetown County, dated March 3, 1924. Thereafterwards and on October 31, 1924, this action was commenced. The respondents answered the complaint in several answers containing identical matter

pleaded by way of defense. Judgments by default were entered up against numerous defendants in the action, and this appeal concerns only the rights of the defendants who answered.

The appeal is from an order of his Honor Judge Shipp, which is as follows:

"This is a motion to strike out certain answers of defendants as frivolous and sham and failing in that to amend the complaint by striking out the name of W. W. Bradley, as receiver, and inserting the name of A. I. Woodcock, a depositor, for himself and on behalf of all other depositors. Upon hearing argument, both motions are refused. I do not think the bank examiner, as receiver, can maintain the suit, nor do I think such an amendment proper."

The exceptions, 4 in number, raise two questions, which appellants state as follows:

"(1) Can this action be maintained by the receiver of said bank, for the benefit of the depositors thereof, under the order of the Circuit Judge permitting the same by the receiver?

"(2) Did his Honor Judge Shipp err in refusing plaintiff's motion for leave to substitute a depositor as plaintiff in the action?"

The first two exceptions are overruled under the recent decisions of this Court, *Johnson et al. v. Adams' Estate et al.*, 138 S. C., 409; 136 S. E., 885, and the case of *Ford et al. v. Sauls et al.*, 138 S. C., 426; 136 S. E., 888. In the case of *Johnson et al. v. Adams' Estate et al.*, Mr. Justice Cothran holds as follows (quoting from *State v. Bank of Clio*, 129 S. C., 109; 123 S. E., 773):

" 'That this controversy does not in any wise concern the receiver of the bank. * * * That is a matter with which the receiver is not at all concerned; it is entirely separate and distinct from the administration of the estate in his hands. Court was without jurisdiction to authorize a receiver to maintain actions, on behalf of creditors of an insolvent bank

against stockholders on their statutory liability; \* \* \*'
such right of action existing alone in the creditors."

He also says in *Ford et al. v. Sauls, supra,* that he cites
with approval the case of *Corwin v. Settergren,* 70 Mont.,
535; 226 P., 522, and holds in *Johnson v. Adams:*

"It follows that his Honor Judge Townsend was without
jurisdiction to sign the order of November 6, 1926, appoint-
ing Mr. Peurifoy receiver of the stockholders' liability
to depositors, a matter which appears upon the face of the
proceedings and may be so declared, even *sua motu* by this
Court, as was done in the case of *State v. Bank of Clio,* 129
S. C., 109; 123 S. E., 773. The fact that the application
was jointly presented by the receiver and a depositor can-
not cure the want of jurisdiction."

The other exceptions are overruled as being without
merit; the matter was addressed to Judge Shipp's discretion
and will not be disturbed by us.

All exceptions are overruled and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and
MR. ACTING ASSOCIATE JUSTICE PURDY concur.