## 12435

### JOHNSON v. ADAMS *ET AL.*

#### (143 S. E., 170)

BANKS AND BANKING—STOCKHOLDER IN INSOLVENT BANK, INADVERTENTLY INCLUDED IN COURT'S LIST OF STOCKHOLDERS OF MERGED BANK WHOM COURT RELEASED, COULD NOT AVOID STOCKHOLDER'S LIABILITY.
—Original stockholder in insolvent bank owning stock in individual capacity, whose name was inadvertently included in Court's order in list of stockholders owning stock in another bank merged with the insolvent bank, *held* not entitled to exemption from stockholder's liability on ground that Court held the merger void and released stockholders of the merged bank among whom his name was included.

Before TOWNSEND, J., Richland, April, 1927. Reversed.

Action by Harvey W. Johnson, Receiver of the Bank of Cross Anchor, against Julius H. Adams, E. P. Miller, and others. From an order refusing plaintiff's motion to strike out last-named defendant's answer and dismissing plaintiff's complaint as to him, plaintiff appeals. Reversed.

The orders of August ——, 1926, of December 2, 1926, of December 10, 1926, and of June 17, 1927, omitting from the order of December 2, 1926, the list of stockholders in the Aiken Bank and all but E. P. Miller, trustee, and E. P. Miller, individually, in the Bennettsville Bank, are as follows:

Subsequently, on the ——— day of August, 1926, the following decree was filed in the case of *Midgley et al. v. Union Savings Bank of Bennettsville et al.:*

This action was commenced by and in behalf of the plaintiffs, depositors in Union Savings Bank of Bennettsville, S. C., in behalf of themselves and all other depositors against said bank, American Bank & Trust Company; W. W. Bradley, State Bank Examiner; the directors of Union Savings Bank of Bennettsville, S. C.; and J. Pope Matthews and others as directors of American Bank & Trust Company; John Mimnaugh, representing a class of depositors of

American Bank & Trust Company, the class being too numerous to mention; O. A. Matthews, representing a class of stockholders of Union Savings Bank of Bennettsville, S. C., this class being too numerous to mention; I. M. Mauldin, representing a class of stockholders of American Bank & Trust Company, too numerous to mention; E. P. Miller, O. A. Matthews and C. S. McCall, as trustees of the stockholders of Union Savings Bank of Bennettsville, S. C.

Since the commencement of the action James E. Peurifoy was appointed Receiver of American Bank & Trust Company under an order of Circuit Judge Townsend, July 19, 1926, in an action pending in the Court of Common Pleas for Richland County, and said Receiver in accordance with the directions of the Court appointing him has come in and been made a party and appears and answers in this cause.

James S. Farr, a stockholder of American Bank & Trust Company, has also come into this action of his own motion and as representing a class of stockholders of said bank.

The plaintiffs appeared by their counsel, Tison & Miller and J. H. Marion. The defendants Union Savings Bank of Bennettsville, S. C., and the directors of said bank and said E. P. Miller, O. A. Matthews, and C. S. McCall, as trustees of the stockholders of Union Savings Bank of Bennettsville, S. C., and O. A. Matthews, representing as a class stockholders of Union Savings Bank of Bennettsville, S. C., have appeared in the case by Messrs. J. W. Le Grand and J. K. Owens, and have filed a return and answer.

The defendant John Mimnaugh, representing a class of depositors of American Bank & Trust Company, has appeared by his attorney, John J. Earle; the American Bank & Trust Company and James E. Peurifoy, its receiver, have appeared by the attorneys of said receiver, to wit, W. T. Aycock and H. H. Edmunds and D. W. Robinson.

This action was brought by and in behalf of the depositors of Union Savings Bank of Bennettsville, S. C., for the

purpose of having declared null and void an attempted arrangement and contract by and between said bank and American Bank & Trust Company of Columbia, under which agreement, bearing date December 26, 1925, and attached to the complaint herein, and which is not in dispute, the said two banking institutions undertook to merge their assets, property, and corporate identity; and for the purpose of having the assets of Union Savings Bank of Bennettsville, S. C., impressed with a trust for the payment of the depositors and creditors of said bank; and to have said two banking institutions separated and segregated, and after that for a receiver of Union Savings Bank of Bennettsville, S. C.

The facts in regard to the attempted merger of these two institutions are not seriously questioned. The acts of the parties are set forth in the contract attached as an exhibit to the complaint and in the minutes of Union Savings Bank of Bennettsville, S. C. And so far as the relief asked in regard thereto is concerned it has been agreed that the Court may pass on the validity of said alleged merger upon said written or record evidence.

It appears to the Court that under the plain wording of the statutory requirements in regard to mergers of such corporations that these requirements have been ignored and disregarded, and the Court is of opinion and so adjudges that the attempted merger of these institutions was and is null and void, and the assets of Union Savings Bank of Bennettsville, S. C., are the property of said corporation, and applicable to the payment of its depositors and creditors in accordance with law.

The Court is further of opinion and adjudges that the attempted ratification of said merger by the stockholders at meetings thereof prior to and on March 2, 1926, was a nullity, because, first, the meetings were not called for that purpose; second, the acts which they undertook to ratify were themselves a nullity.

It further appears that at said meetings certain resolutions were passed as will be shown by the minutes thereof, authorizing the directors of said institution to take such steps as might be necessary to surrender and cancel the charter. It appears, however, and I so find, that nothing was actually done and no steps were taken to carry out this resolution. At a meeting of the stockholders of said Union Savings Bank of Bennettsville, S. C., held on the 6th day of August, 1926, a motion was made and carried to reconsider the action of the stockholders of said bank in regard to the cancellation and surrender of the charter; and thereupon a resolution was duly passed to rescind the action of the stockholders' meeting of March 2d with respect to any undertaking or attempt to surrender and cancel the charter, and further authorized and directed the continuance of Union Savings Bank of Bennettsville, S. C., and the reduction of the capital stock from $100,000 to $50,000, pursuant to the requirements of the statute law of the state in such cases made and provided. Following the foregoing action of the stockholders, the directors, having given notice by advertisement in the *Pee Dee Advocate,* a newspaper published at Bennettsville, Marlboro County, S. C., called a meeting of the stockholders for September 3, 1926, for the purpose of considering the resolution of the directors to reduce the capital stock of said banking corporation to $50,000. No steps whatsoever having been taken to carry out any resolution of meetings of stockholders prior to and on March 2, 1926, looking to the surrender and cancellation of its charter, I am of the opinion that the stockholders had a right at any subsequent meeting to reconsider the action previously authorized and to rescind that action by providing for the continuance of Union Savings Bank of Bennettsville, S. C., as a corporation and to instruct the directors to take such steps as might be necessary to reduce the capital stock of the corporation to $50,000.

The depositors of and creditors of Union Savings Bank of Bennettsville, S. C., in order to advance the interests of that institution, and to protect, safeguard, and work out its assets and property to the advantage and best interest of all concerned therein, have agreed upon a plan of reorganization of this institution, which they deem prudent and advisable, embodying among other things a proposed plan for reopening of the bank on the basis of a capital stock of $50,000 to be furnished and paid as follows: Out of the collaterals and receivables of the face amount of $90,000, now and heretofore since the attempted agreement of December 26, 1925, in the hands of E. P. Miller, O. A. Matthews, and C. S. McCall, as trustees, there is to be furnished and paid $10,000 of the capital stock of the reorganized bank with its said capital reduced to $50,000, it being considered that said collaterals and receivables are amply good for and worth said amount of $10,000; any amount over $10,000 collected from said receivables to go into the surplus of said reorganized bank. Stock to be issued to the amount of $10,000 in the reorganized bank to the old stockholders of Union Savings Bank of Bennettsville, S. C., ratably in proportion as the respective holdings of stock of said stockholders in Union Savings Bank of Bennettsville, S. C., bears to said $10,000. In other words, the old stockholders of Union Savings Bank of Bennettsville, S. C., are to receive in lieu of their stock a total of the par or face value of $10,000 of stock in the reorganized bank, and the total value of said receivables so held by said trustee for them is to become the property and assets of said reorganized bank. The remaining $40,000 of the capital stock of said bank has been subscribed for and is to be paid immediately upon the reorganization of said bank, in accordance with law.

It appears that said Union Savings Bank of Bennettsville, S. C., really owes to American Bank & Trust Company approximately $88,000, the exact amount to be determined

from the books of the said respective institutions. The
said American Bank & Trust Company holds a certificate
or certificates of deposit in the Bennettsville Branch of
American Bank & Trust Company for approximately $30,-
000 of said debt, and for the balance of said indebtedness
holds collaterals or receivables of said Bennettsville Branch
of approximately the face value of $61,000.

The reorganization plan contemplates that said American
Bank & Trust Company will continue to occupy the position
of a depositor to the approximate amount of $30,000 now
represented by said certificates of deposit, and the said re-
organized bank will issue to American Bank & Trust Com-
pany a certificate or certificates of deposit for said indebted-
ness immediately upon its reorganization; and upon the
issuing of such certificate or certificates of deposit, Amer-
ican Bank & Trust Company and its Receiver will surrender
the present certificates of deposit which it holds.

As to the remaining indebtedness to said American Bank
& Trust Company, the reorganized Union Savings Bank of
Bennettsville, S. C., will assume the payment of the same
and will pay the same as rapidly and as expeditiously as is
practicable. And upon the payment of such balance of in-
debtedness the said reorganized bank shall have the right
to the surrender of the collaterals held by American Bank
& Trust Company, and in the meantime said collaterals may
be substituted or changed by mutual consent between the
parties from time to time, and may be reduced in amount
by mutual agreement between the parties in proportion to
the reduction of the indebtedness.

The said reorganization further contemplates, and the
Court approves the suggestion, that the deposits now exist-
ing in said bank or in the Bennettsville Branch of American
Bank & Trust Company, are necessary and essential to the
existence and successful operation of the bank, and that the
same should not be withdrawn except gradually and as the
business may warrant it. There are a large number of small

depositors; it is estimated that there are a total of 1,772 depositors, whose deposits do not exceed $100 each, and that these small deposits can be withdrawn immediately on the reorganization without serious injury or effect to the bank, and that the allowance of the withdrawal of this class of deposits will not injure the bank, but, on the contrary, would have a helpful influence and effect in the establishment and success of the institution; but that the deposits over $100 should not be withdrawn within 18 months from this date, except as and when in the judgment of the directors it is prudent so to do, and except in payment for stock in the reorganized bank.

The plan further contemplates that those who make deposits hereafter from time to time with said reorganized bank shall have the full right and power to draw upon and withdraw such deposits at their pleasure, without any restrictions whatsoever; all depositors, however, to be on an equal basis in all other respects.

It appears to the Court from the information laid before it, and from its general knowledge of the local situation, circumstances and surroundings, that the severance of the assets and property of American Bank & Trust Company and of Union Savings Bank of Bennettsville, S. C., together with the proposed plan of reorganization of said Union Savings Bank, is practicable and feasible, and that it will advance and promote the interests of all creditors, depositors, and stockholders of Union Savings Bank of Bennettsville, S. C., and best subserve the public interests of the community.

In arriving at this conclusion the Court deems it proper to say that in its opinion the officers and directors of Union Savings Bank of Bennettsville, S. C., in entering into the contract or agreement for merger and in attempting to carry out the same, were actuated and prompted by entirely proper motives and by a purpose to promote and advance the interests of said bank and of their local community. There

is nothing on which to found any charge of fraudulent misconduct in their acts.

The only remaining matter is the disposition of the status of the stockholders of Union Savings Bank of Bennettsville, S. C., who, under the terms of agreement, of December 26, 1925, were to become stockholders of American Bank & Trust Company, and for whom stock was issued or was to be issued. Under the view taken that the attempted merger was in effect null and void, said stockholders of Union Savings Bank never properly became stockholders of American Bank & Trust Company and are in no wise liable on account of said agreement of December 26, 1925, as stockholders of American Bank & Trust Company, there being no liability, however, of American Bank & Trust Company, or its stockholders, to the Union Savings Bank of Bennettsville, S. C., or its stockholders for the repayment of any sum whatever which may have been advanced or paid for the purchase of stock by them in said American Bank & Trust Company.

It is therefore ordered, adjudged, and decreed:

(1) That the merger and consolidation of Union Savings Bank of Bennettsville, S. C., and American Bank & Trust Company of Columbia, S. C., heretofore attempted to be made, be and the same is hereby declared null and void.

(2) That the proposed reorganization of Union Savings Bank of Bennettsville, S. C., as contained in the general outline thereof set out above and as contemplated by the stockholders thereof, be and the same is hereby approved.

(3) That the assets and property of Union Savings Bank of Bennetsville, S. C., as it existed prior to the attempted merger, or held under the name of Bennettsville Branch of American Bank & Trust Company, are hereby declared to be the property and assets of Union Savings Bank of Bennettsville, S. C., subject to all of its liabilities in accordance with law.

(4) That upon the reopening of Union Savings Bank of Bennettsville, S. C., the officers and directors of said bank shall charge against respective deposits all depositors' subscription to capital stock and shall pay out on demand all or any part of any deposits where the total of said account does not at this time amount to over $100.

(5) That the said Union Savings Bank of Bennettsville, S. C., upon its reopening for business, may pay all other deposits of said bank from time to time beginning on December 15, 1926, such amount (paying ratably to all such depositors) as its board of directors may deem prudent and proper, provided that all depositors shall be subject to payment in full not later than 18 months from the date of this order. All payments within 18 months from the date of this order are to be without interest. The officers and directors of said bank shall give to all depositors due notice of each and every contemplated right of withdrawal.

It is the intent and purpose of this provision that the board of directors shall, as soon as possible, authorize the withdrawal of all such deposits now existing in said bank. But this restriction on withdrawals shall not apply to or affect any deposits made at or after the reopening of said bank.

(6) It is further ordered and adjudged that the action of the stockholders' meeting of August 6, 1926, is valid and legal, and the same is hereby ratified and confirmed.

(7) It is further ordered that all parties, creditors or claimants of or against Union Savings Bank of Bennettsville, S. C., and/or the Bennettsville Branch of American Bank & Trust Company, be restrained from bringing or prosecuting within 18 months from this order any action or suits except by and with the consent of the Court obtained in this cause, and that in the meantime this cause be retained, for such other and further orders as the Court may deem proper.

(8) That the plaintiffs recover against the defendant Union Savings Bank of Bennettsville, S. C., the costs and disbursements of this action, including the amount of the disbursements incurred for a transcript of the testimony in the case of *Rice et al. v. American Bank & Trust Company et al.,* brought and pending in the County of Richland, and the sum of $10 for a transcript of financial statement furnished to the plaintiffs by the State Bank Examiner.

(9) The approval by this Court of the proposed plan of reorganization is made with the full consent and approval of the State Bank Examiner.

Thereafter, on December 2, 1926, E. C. Dennis, presiding Judge of the Fifth Judicial Circuit, handed down his order entitled in the case of *Rice et al. v. City of Columbia et al.;* also in the cases as to the Aiken and Bennettsville branches:

This was an application before me upon notice and petition of Jas. E. Peurifoy, Receiver of American Bank & Trust Company, for the purpose of having me revoke an order heretofore made by me on November 23, 1926, in the second case above entitled, authorizing a suit against the stockholders of American Bank & Trust Company upon the stockholders' liability, and restraining all actions for stockholders' liability except in the second cause above entitled.

The application and petition were heard before me upon the record in the above-entitled causes in this Court and upon the record in the case of *C. P. Midgley and others v. Union Savings Bank of Bennetsville and others,* in the Court of Common Pleas for Marlboro County; and upon the record in the case of *W. O. Johnson et al. v. James Verenes et al.,* in the Court of Common Pleas for Aiken County, and upon testimony taken before me upon the hearing.

1. It appears that the first action above entitled was commenced in the Court of Common Pleas for Richland County on July 1, 1926, by certain depositors of American Bank &

Trust Company, for themselves and all others who would come into the case, against the City of Columbia, and others, originally to set aside certain transfers of securities made by the bank in its closing days upon the ground that the same were made in violation of the preference statutes and also of the statute of limitation.

Subsequently, in that action a petition was filed by the City of Columbia, and upon that petition American Bank & Trust Company itself was made a party, as also the State Bank Examiner, and Hon. Jas. E. Peurifoy was appointed Receiver after a full hearing before Judge W. H. Townsend, Circuit Judge. His order making said appointment bears date July 19, 1926.

2. At or about the time of the commencement of the first cause above entitled, which will hereafter be referred to as the *Rice case,* an action was commenced in the Court of Common Pleas for Marlboro County by C. P. Midgley and others, depositors of Union Savings Bank of Bennettsville, S. C., in behalf of themselves and all others in the same class who would come in and contribute to or be made parties to the action, against Union Savings Bank of Bennettsville, S. C., American Bank & Trust Company, W. W. Bradley, State Bank Examiner, and various parties, directors of Union Savings Bank, directors of American Bank & Trust Company, and depositors of American Bank & Trust Company, and stockholders of Union Savings Bank of Bennettsville and of American Bank & Trust Company, making some depositors and some stockholders of said respective institutions parties, as representatives of the class in each case, which were alleged to be numerous.

This action in Marlboro County was commenced for the purpose of having declared null and void the attempted merger or combination of Union Savings Bank of Bennettsville with American Bank & Trust Company upon the grounds that such merger was induced by fraudulent representations and also upon the ground that said merger was

made in violation of the provisions of our statute in regard to merger or combination of corporations.

In the order of Judge Townsend in the *Rice case* appointing a Receiver and enjoining suits except in that action, the Court expressly excepted the *Midgley case* in Marlboro County and directed the Receiver to appear in that case to protect the interest of American Bank & Trust Company.

The *Marlboro County case* was heard by and before me, and at the hearing, in addition to the parties originally made, upon his own petition another stockholder of American Bank & Trust Company was made a party as representing the class of stockholders, and there was before me upon the hearing stockholders and depositors of the Union Savings Bank of Bennettsville and the so-called Bennettsville Branch of American Bank & Trust Company, and of the American Bank & Trust Company proper.

Upon said hearing and upon the minutes and proceedings which had been taken by the respective banks, I found and adjudged that the law in regard to merger of corporations had not been complied with in any particular and declared the alleged merger null and void.

In the same suit stockholders of Union Savings Bank of Bennettsville, who had been induced to become stockholders of American Bank & Trust Company, sought relief from their responsibility as such. In connection with the severance of the two corporations it was also adjudged that these subscriptions to or relations of stockholders were null and void and these stockholders were released by decree from stockholders' liability or responsibility in American Bank & Trust Company proper.

The Bennettsville bank was indebted to the main American Bank & Trust Company in the sum of approximately $88,000, and made an agreement at or about the same time by which a new banking corporation was formed at Bennettsville to take over the assets of the former Union Savings Bank, or Bennettsville Branch of American Bank &

Trust Company, and to assume and pay the indebtedness due to American Bank & Trust Company. This contract and agreement was made with the full knowledge and sanction and approval of the Court of Common Pleas for Marlboro County in the *Midgley case,* and with the full authority and approval of the Court of Common Pleas for Richland County in the *Rice case,* orders to this effect being made by the Circuit Judges in each case.

This new bank was formed, took over the assets of the Bennettsville bank, undertook the payment of the obligations to American Bank & Trust Company, and, the Court is informed, has operated successfully to this time, relying in full faith and confidence upon the contract hereinabove mentioned, made with the sanction and approval of the Courts.

The proposed action in the second case above entitled is directed against each and all of these stockholders at Bennettsville, just as against other stockholders, and entirely ignores the proceedings had and taken in reference thereto.

3. The case of *W. O. Johnson et al. v. James Verenes et al.* was an action started by stockholders and depositors of the Aiken Branch of American Bank & Trust Company and of the Gaston Bank & Trust Company against the directors of the Aiken Branch of American Bank & Trust Company, Jas. E. Peurifoy, Receiver, and various named stockholders and depositors of the American Bank & Trust Company proper, at Columbia, and W. W. Bradley, Chief Bank Examiner. The purpose of the action was to segregate and keep separate the assets of the Aiken bank and to have its relation to the parent or main bank at Columbia dissolved, and to have subscriptions to the stock of American Bank & Trust Company made by and through the Aiken branch released and discharged from their liability.

The complaint charged directly and specifically serious fraudulent misrepresentations by J. Pope Matthews, who was chairman of the board of directors, and I. M. Mauldin,

who was president of American Bank & Trust Company, and both of these officers were made parties to the action. Neither of them made an appearance or filed any plea or answer. The only defendant who did appear upon return to the rule to show cause, or at any other time, in behalf of American Bank & Trust Company, was Jas. E. Peurifoy, Receiver.

Upon the return to the rule to show cause, Judge Rice made an order continuing his injunction and preventing the commingling of the assets of the Aiken branch with the main or parent branch, and also appointing a Receiver for the Aiken branch, and referring the cause for taking the testimony on the main issue. Pending this reference an agreement was entered into between the Receiver of American Bank & Trust Company, and the plaintiffs and parties interested in the Aiken branch and in Gaston Bank & Trust Company, by which, with the consent and approval of the Court of Common Pleas for Richland County in the *Rice case* above, and the Court of Common Pleas for Aiken County in the *Johnson case,* the Aiken subscribers to stock of American Bank & Trust Company were to be released and discharged from any liability thereon, and the Aiken branch or its Receiver were to pay to American Bank & Trust Company its indebtedness fixed at $48,000. This agreement was made with the full sanction and approval, by orders duly taken, of the Courts in both of said cases.

It appears that this agreement has been fully carried out, the final, last and full payment having been made on the very day that this hearing was had. And I have signed a final order in that case in open Court, after having heard counsel pro and con on the application and action in the second case above entitled.

4. The order passed by me last week in the second case above entitled, authorizing the commencement of this action, was made *ex parte* and without adverting to any pre-

vious orders made in the case, or to the proceedings had in Marlboro or in Aiken County hereinabove specified.

5. I am satisfied that the agreements, orders, and decrees made in reference to the Bennettsville bank or banks, and in reference to the Aiken bank or banks, were all entered into and executed in good faith by the parties and on their part with the full knowledge and approval of the Court, and that these agreements, orders, and decrees are entitled to the fullest sanction and approval of the Court, and it would be manifestly unfair and unjust to the stockholders of these banks or branches to harrass or annoy them with suits or to require them to come into Court to defend and protect interests which the Court itself should protect and prevent now.

It is therefore ordered and adjudged:

(1) That the orders and decrees heretofore made by the Court of Common Pleas for Marlboro County in the case of *C. P. Midgley et al. v. Union Savings Bank of Bennettsville et al.,* and by the Court of Common Pleas for Aiken County in the case of *W. O. Johnson et al. v. James Verenes et al.,* releasing and discharging the stockholders or alleged stockholders of American Bank & Trust Company, at Bennettsville, S. C., and the stockholders or alleged stockholders of American Bank & Trust Company, at Aiken, S. C., from any and all further stockholders' liability, are binding and *res adjudicata* on this question.

(2) That that complaint in the second cause hereinabove entitled be, and the same is hereby dismissed in so far as it affects or pertains to the stockholders and stockholders' liability of the subscribers for stock of American Bank & Trust Company at Bennettsville, S. C., and the subscribers for stock of American Bank & Trust Company at Aiken, S. C., which are hereinbelow listed.

(3) That the plaintiffs in the second cause above entitled, to wit, "Harvey W. Johnson, as receiver of the Bank of Cross Anchor, Cross Anchor, S. C., the Southern Cotton

Oil Company and H. Hunter Smith, in their own behalf and
as representing all other depositors of the American Bank
& Trust Company, who will come in and in due time seeking
the relief herein prayed for and contribute to the expenses
of this action," their agents and attorneys, be, and they are
hereby, enjoined and restrained from in any wise prosecut-
ing any action against said stockholders at Bennettsville, S.
C., and against the said stockholders at Aiken, S. C.; and
the said parties, their agents and attorneys are enjoined and
restrained from in any wise interfering with or impairing
the full force and validity of the orders and decrees made
by the Court of Common Pleas for Marlboro County and
by the Court of Common Pleas for Aiken County, and by
the Court of Common Pleas for Richland, in reference to
said branch banks at Bennettsville and Aiken, respectively,
and in regard to the release and discharge of the liability of
stockholders at said places, in American Bank & Trust Com-
pany.

Those who subscribed for stock in and through Aiken
Branch of American Bank & Trust Company, and who have
been released from liability, and as to whom the foregoing
injunction applies, are: * * *

Those who subscribed for stock in and through Bennetts-
ville Branch of American Bank & Trust Company, and who
have been released from liability, and as to whom the fore-
going injunction applies, are: * * * E. P. Miller, Trustee,
* * * E. P. Miller, individually. * * *

Let a certified copy of this order be forthwith served
upon the attorneys for the plaintiff in the second cause
above entitled. Let certified copies of the same be filed in
the cause at Aiken, S. C., and in the cause at Bennettsville,
S. C., respectively, as a part of the records of said causes.

The Court is taking under consideration the remaining
questions involved in the motion and petition herein and
will file an order later.

Order of December 10, 1926, in this case:

This action was instituted on behalf of certain depositors of the American Bank & Trust Company for the benefit of themselves and other depositors against stockholders of the American Bank & Trust Company on the liability of the stockholders to the depositors. This action made defendants the stockholders from Bennettsville and Marlboro counties and also from Aiken County. Upon hearing a motion in this cause, I held that the alleged stockholders made parties to the suit from Marlboro County and from Aiken County were not proper parties to this suit, for the reason that the attempted consolidation of a bank in Bennettsville with the American Bank & Trust Company had been declared null and void and the attempted subscription to stock by these people was null and void, and this had been done in the case of Midgley against Union Savings Bank of Bennettsville and others; that the depositors of the American Bank & Trust Company were parties to this suit and bound by it, and the same order was made with reference to the Aiken branch and the stockholders of that branch. I have already filed orders with reference to each of these matters, and the question now before me is whether or not this action should proceed, or whether the Receiver should proceed to assess and collect the stockholders' liability to the depositors.

It seems to me that it would be an exceedingly good law if the Receiver could proceed in this matter against the stockholders, as it would bring all of the litigation into one case, and would, to my mind, cut down expense and be helpful in the administration of justice. However, I do not think, under the law of our state, that the Receiver has the authority, and I do not think, under the order in this case, that the Receiver was given such exclusive authority, as to prevent the prosecution of this action by the depositors. Therefore it is ordered that the plaintiffs be and they are permitted to proceed in this action against the said stock-

holders of the American Bank & Trust Company, not af-
fected by the orders already issued by me, so that this action
will proceed against the stockholders of the parent bank at
Columbia, S. C., and not against those persons named as
stockholders in Marlboro and Aiken counties in the orders
heretofore signed by me in this case, and the motion of the
Receiver to restrain the further prosecution of this action is
refused, in so far as it refers to the stockholders of the
parent bank, the American Bank & Trust Company of Co-
lumbia, S. C.

The order of Judge W. H. Townsend of June 17, 1927,
was as follows:

This matter comes before me on a motion to strike out
the answer of the defendant E. P. Miller as sham, and is
based upon the proceedings heretofore had in this action,
especially the decrees made by Judge Dennis on the 2d and
10th of December, 1926.

The complaint in this action seeks to recover upon the
statutory liability of Miller as a stockholder in the American
Bank & Trust Company. This matter was before Judge
Dennis and is disposed of and adjudged in Paragraphs 2
and 3 of the order of the 2d of December, in which it is
adjudged that Miller be released from such liability, which
is reaffirmed in the order of December 10.

The record in this case fully sustains the second defense
set up in the answer.

It is therefore ordered and adjudged that the motion to
strike out the answer be and the same is hereby refused, and
that the complaint be dismissed as against the defendant
E. P. Miller.

*Messrs. Thomas & Lumpkin,* and *Bomar & Osborne,* for
appellants, cite: *Res adjudicata:* 141 S. C., 121; 15 R.
C. L., 953; 118 S. C., 470; 245 U. S., 520; 215 U. S., 252;
227 U. S., 434; 196 Fed., 736; 202 Fed., 685; 148 Pac.,
254; 78 Atl., 314; 28 App. D. C., 535; 51 L. Ed., 922; 50
So., 867; 26 L. R. A. (N. S.), 577; 171 S. W., 536; 88

Atl., 520; 206 Fed., 212; 95 Atl., 494; 76 S. E., 797; 153
Pac., 475; 170 S. W., 1176; 179 N. W., 751; 17 S. C., 35;
19 S. C., 247; 108 Atl., 109; 128 S. C., 111; 77 S. C., 85;
81 S. C., 516; 84 S. C., 224; 89 S. C., 408; 108 S. C., 1;
113 S. C., 541; 123 S. C., 236; 52 S. C., 35; 49 S. C., 505;
44 S. C., 1; 19 S. C., 150; 46 S. C., 17; 2 Freeman on
Judgts., 1414; 2 Rich., 560; Rich. Eq. Cas., 202; 37 S. C.,
517; 87 S. C., 127; 52 S. C., 166; 32 S. C., 286; 23 S. C.,
328; 50 S. C., 68. *A judgment must conform to the plead-*
*ings:* 53 S. C., 188; 79 S. C., 316; 7 L. Ed., 164; 11 L.
Ed., 814; 19 L. Ed., 214; 9 Fed. Cas., No. 4819; 10 Fed.
Cas., No. 5721; Cheves, 5; 13 S. C., 198; 19 S. C., 218;
34 S. C., 194; 35 S. C., 94; 50 S. C., 23; 53 S. C., 118;
124 S. E., 189; 52 S. E., 182; 61 S. E., 30; 15 R. C. L.,
604; 119 S. C., 273; 110 N. E., 426; 83 S. E., 553; 77
S. E., 15; 109 S. W., 6; 154 Pac., 1000; 57 So., 46; 106
S. W., 1014; 123 S. W., 1140; 55 So., 836; 108 N. E.,
82; 68 So., 225; L. R. A., 1915-F, 558; 141 Pac., 1073;
148 Pac., 651; 104 S. W., 610; 54 So., 708; 155 S. W.,
1; 88 S. C., 296; 115 S. W., 833.

*Mr. J. K. Owens* for respondent, cites: *Res adjudicata:*
128 S. C., 111.

April 24, 1928.

The opinion of the Court was delivered by Mr. Justice
Cothran.

This is an appeal from an order of his Honor, Judge
Townsend, dated June 17, 1927, refusing a motion by the
plaintiff to strike out the answer of the defendant Miller as
sham and interposed for delay, and dismissing the complaint
as to him.

Without considering the doubtful question whether an
order refusing to strike out an answer as sham is appealable
until after final judgment, or whether in fact the answer is
sham, we will consider the appeal from the angle of the
order dismissing the complaint as to the defendant Miller.

The action in which the order was signed was instituted
by the plaintiff as receiver of the Bank of Cross Anchor,
which was a depositor in the American Bank & Trust Com-
pany (hereinafter referred to as the Columbia Bank), on
behalf of himself and all other depositors of the Columbia
bank, against the stockholders of that bank for the purpose
of enforcing their statutory liability to the depositors. The
case was once before this Court, 138 S. C., 409; 136 S. E.,
885, when it was decided that the plaintiff and not the Re-
ceiver of the Columbia Bank was the proper person to
maintain the action.

The question of the liability of the defendant Miller,
as a stockholder of the Columbia Bank, has become com-
plicated by certain other proceedings involving a merger
of the Union Savings Bank of Bennettsville (hereinafter
referred to as the Savings Bank), with the Columbia Bank.
Miller, it appears, was one of the original stockholders in
the Columbia Bank, owning *individually,* 25 shares of stock,
the certificate for which was issued December 5, 1924, at
the time of the organization of the bank, and which has
never been transferred by him. It also appears that at that
time or subsequently (the date of his certificate not appear-
ing in the record), Miller was a stockholder in the Savings
Bank, owning *as trustee,* 15 shares of stock.

It appears that in the latter part of the year 1925 and
the early part of the year 1926, the Savings Bank and the
Columbia Bank entered into a so-called merger agreement,
pursuant to which the stockholders of the Savings Bank
exchanged their stock for stock in the Columbia Bank, in
the ratio of two shares of the Savings Bank stock for one
shares of the Columbia Bank stock, and all of the assets of
the Savings Bank were absorbed by the Columbia Bank.
Thereafter on June 26, 1926, the Columbia Bank closed its
doors and was taken over by the State Bank Examiner.

On July 1, 1926, an action was instituted in the Court of
Common Pleas for Richland County by *Rice et al. against*

*City of Columbia et al.,* for the purpose of setting aside certain preferences, alleged to have been given by the Columbia Bank to certain deposit creditors, when it was insolvent.

On July 5, 1926, an action was instituted in the Court of Common Pleas for Marlboro County by Midgley et al. against the Savings Bank and the Columbia Bank et al., for the purpose of having the merger hereinbefore referred to annulled. About the same time (the exact date does not appear in the record), the City of Columbia, a defendant in the *Rice case,* filed a petition in that action, asking for the appointment of a Receiver of the Columbia Bank, and on July 19, 1926, J. E. Peurifoy was appointed and qualified.

The action of Midgley against the banks et al. resulted in an order of his Honor, Judge Dennis, dated August—, 1926, annulling the merger and approving the plan adopted by the stockholders for a reorganization of the Savings Bank. It provided also that, the merger being annulled, those stockholders of the Savings Bank who had exchanged their stock for stock in the Columbia Bank never became stockholders of the Columbia Bank and had assumed no liability to depositors of the Columbia Bank under the constitution and statute creating the liability of stockholders.

On November 23, 1926, the present action was instituted in the Court of Common Pleas for Richland County by Harvey W. Johnson as Receiver of the Cross Anchor Bank, which as stated, was a depositor in the Columbia Bank, on behalf of himself and all other depositors of that bank, against the stockholders of that bank, alleging its insolvency and praying judgment upon the constitutional and statutory liability. The key to this controversy now between the depositors and defendant Miller is found in the fact that the plaintiff's action involved both the regular stockholders of the Columbia Bank and those who had become such pursuant to the merger agreement which had been annulled

by the decree of his Honor, Judge Dennis, dated August—, 1926.

At the time of .the commencement of this action the plaintiff obtained from his Honor, Judge Dennis, an order restraining all depositors of the Columbia Bank from bringing any further independent proceeding against the stockholders. This order was obtained without notice to Mr. Peurifoy, who had been appointed Receiver of such stockholders' liability by an order of his Honor Judge Townsend, dated November 6, 1926. Accordingly, and very properly, Mr. Peurifoy filed a petition in the present action asking that the order of his Honor, Judge Dennis, of November 23, 1926, enjoining the prosecution of the claims of depositors against the stockholders except in that action and that further proceedings in it be restrained. This petition came on to be heard before his Honor, Judge Dennis, who on December 2, 1926, filed an order refusing it. The order was entitled in both the *Rice v. Columbia case* and the present case and went elaborately into the whole situation. Speaking of the *Midgley case,* he declared:

"In the same suit stockholders of the Union Savings Bank of Bennettsville, who had been induced to become stockholders of American Bank & Trust Company, *sought relief from their responsibility as such.* In connection with the severance of the two corporations it was also adjudged that these subscriptions to or relations of stockholders were null and void, and *these stockholders were released by my decree from stockholders' liability or responsibility in American Bank & Trust Company proper."*

And, speaking of the present action, the *Johnson case,* he said:

"The proposed action in the second case above entitled, is directed against each and all of these stockholders at Bennettsville (that is, the stockholders of the Savings Bank who had exchanged 'old lamps for new'), just as against

other stockholders, and entirely ignores the proceedings had and taken in reference thereto."

He accordingly reaffirmed the orders passed in the *Midgley case,* and specifically held:

"That that complaint in the second cause (the *Johnson case,* this case), hereinabove entitled be and the same is hereby dismissed in so far as it affects or pertains to the stockholders and stockholders' liability of the subscribers for stock of American Bank & Trust Company at Bennetts-ville, S. C., * * *" (clearly referring to the stockholders of the Savings Bank who had exchanged their stock for stock in the American Bank & Trust Company), and enjoining the plaintiff in this action "from in any wise prosecuting any action against said stockholders at Bennetsville, S. C., * * * and the said parties, their agents, and attorneys are enjoined and restrained from in any wise interfering with or impairing the full force and validity of the orders and decrees made by the Court of Common Pleas for Marlboro County, * * * in reference to said branch banks at Bennettsville, * * * and in regard to the release and discharge of the liability of stockholders at said places in American Bank & Trust Company."

He then gave a list of stockholders headed thus:

"Those who subscribed for stock in and through Ben-nettsville Branch of American Bank & Trust Company, and who have been released from liability, and as to whom the foregoing injunction applies."

In this list appear the names of "E. P. Miller, Trustee," and "E. P. Miller, individually."

As a matter of fact, "E. P. Miller, Trustee," was one of the stockholders of the Savings Bank who had exchanged stock of that bank for stock in the Columbia Bank; "E. P. Miller, individually," owned no stock in the Savings Bank, but owned 25 shares of the original issue of the Columbia Bank stock since December 5, 1924.

At the end of the order this appears:

"The Court is taking under consideration the remaining questions involved in the motion and petition and will file an order later."

Accordingly, on December 10, 1926, his Honor, Judge Dennis, filed a supplementary order reiterating briefly his previous orders to the effect that the stockholders in the Savings Bank who had exchanged their stock could not be held liable as stockholders of the Columbia Bank, and refusing the petition of Mr. Peurifoy above referred to.

From these orders of December 2, 1926, and December 10, 1926, but more particularly the latter, Mr. Peurifoy, Receiver, appealed and this Court in *Johnson et al. v. Adams et al.*, 138 S. C., 409; 136 S. E., 885, agreed with his Honor, Judge Dennis, affirming the order of December 10, 1926.

On April 2, 1927, his Honor, Judge Townsend, passed an order reciting that under previous orders of his Honor, Judge Dennis, "all the stockholders of the Aiken and Bennettsville branches of American Bank & Trust Company (that is, those who had exchanged their stock under the annulled merger agreement) were absolved from any liability as stockholders in the American Bank & Trust Company," and that the summons and complaint in this action should be amended "so that only the stockholders of American Bank & Trust Company appearing on the books at the date of the closing of said bank should be made parties to this proceeding," ordered: "That the summons and complaint in this action be amended by omitting therefrom all the names of the stockholders of the Bennettsville and Aiken branches of American Bank & Trust Company, and that the names listed below be, and they are hereby, made defendants in the above-entitled action as the proper defendants to be made parties to this suit wherein the depositors claim the statutory stockholders' liability." There follows a list which includes the names of "E. P. Miller," as one who

should respond to the plaintiff's cause of action, upon his liability as a stockholder of the Columbia Bank.

The defendant Miller answered the amended complaint. The main defense interposed by him is that he has been discharged from all liability by reason of the orders of his Honor, Judge Dennis, hereinbefore referred to.

The matter involved in the present appeal came on to be heard before his Honor, Judge Townsend, we assume, in open Court. On June 17, 1927, he filed an order refusing the plaintiff's motion to strike out the defendant's answer as sham and dismissing the complaint upon the ground "this matter was before Judge Dennis, and is disposed of and adjudged in paragraphs 2 and 3 of the order of December 2, 1926, in which it is adjudged that Miller be released from such liability, which is reaffirmed in the order of December 10."

From this order the plaintiff has appealed.

We regret that we are unable to agree with the conclusions of his Honor, Judge Townsend. It seems perfectly plain that in the orders of his Honor, Judge Dennis, of December 2, 1926, and December 10, he was considering solely the liability of those stockholders of the Savings Bank who had exchanged their stock. Over and over again he recurs to that issue and holds that they cannot, by reason of the annulment of the merger, be considered as stockholders of the Columbia Bank and liable as such. In his decree in the *Midgley case* he holds that this particular class of nominal stockholders of the Columbia Bank have assumed no statutory liability. In his decree of December 2, 1926, he reiterates his holding in the *Midgley case;* and in his decree of December 10, he provides:

"Therefore it is ordered that the plaintiffs (Johnson et al.) be and they are permitted to proceed in this action against the said stockholders of the American Bank & Trust Company, not affected by the orders already issued by me,

so that this action will proceed against the stockholders of the parent bank at Columbia, S. C., and not against those persons named as stockholders in Marlboro and Aiken counties in the orders heretofore signed by me in this case, and the motion of the receiver to restrain the further prosecution of this action is refused, in so far as it refers to the stockholders of the parent bank, the American Bank & Trust Company of Columbia, S. C."

We cannot see how anything could be plainer than this. The defendant was a stockholder of the parent bank and had been since its organization. He comes squarely within the terms of the order. Evidently his name as an individual holder of stock in the Savings Bank was inserted in the list by inadvertence. He owned no such stock, and, as the order by its express terms affords immunity only to those who had exchanged their stock, he cannot bring himself within its protection simply upon an error of him who prepared the list. The order was not considering the rights of those who were and had been unquestioned owners of stock in the parent company at Columbia.

Let the orders of August—, 1926, at page 29, December 2, 1926, at page 39, of December 10, 1926, at page 10, and of June 17, 1927, at page 54 be reported. In the order of December 2, 1926, the list of stockholders in the Aiken Bank and all but "E. P. Miller, Trustee," and "E. P. Miller, individually," in the Bennettsville Bank, may be omitted.

The judgment of this Court is that the order of his Honor, Judge Townsend, dated June 17, 1927, be reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BLEASE disqualified.